ATTORNEYS FOR APPELLANT
Thomas E. Wheeler
Sarah Steele Riordan
Maggie L. Smith
Frost Brown Todd LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Thomas M. Fisher
Solicitor General

David L. Steiner
Deputy Attorney General

Heather Hagan McVeigh
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR AMICUS
CURIAE INDIANAPOLIS BAR
ASSOCIATION APPELLATE
PRACTICE SECTION
Stephen J. Peters
Plunkett Cooney, P.C.
Indianapolis, Indiana

Josh S. Tatum
Plews Shadley Racher & Braun LLP
Indianapolis, Indiana

AMICUS CURIAE IN SUPPORT
OF APPELLEE/CROSS-
APPELLANT
Jeffrey O. Cooper
Indiana University Robert H.
  McKinney School of Law
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S04-1311-PL-732

FILED
Mar 26 2015, 9:40 am
CLERK
of the supreme court,
court of appeals and
tax court

FIRST AMERICAN TITLE INSURANCE
COMPANY,

*Appellant and Cross-Appellee
(Petitioner below),*

v.

STEPHEN W. ROBERTSON, INSURANCE
COMMISSIONER OF THE STATE OF INDIANA,
IN HIS OFFICIAL CAPACITY, ON BEHALF OF THE
INDIANA DEPARTMENT OF INSURANCE,

*Appellee and Cross-Appellant
(Respondent below).*

Appeal from the Marion Superior Court No. 7, No. 49D07-1105-PL-019374
The Honorable Michael D. Keele, Judge

On Petition For Rehearing

**March 26, 2015**

**Rucker, Justice.**

The Commissioner of the Indiana Department of Insurance ("Commissioner") seeks rehearing of this Court's opinion in which we determined a petitioner seeking judicial review of an agency decision must file the agency record as defined by the Administrative Orders and Procedures Act and that the failure to do so results in dismissal of the petition. See American Title Ins. Co. v. Robertson, 19 N.E.3d 757 (Ind. 2014). The essential facts are these. Seeking judicial review of an agency order, First American Title Insurance Company did not file the agency record as required. Instead, First American filed various papers supporting its argument that the agency order was void. Commissioner moved to dismiss for lack of an agency record. The trial court denied the motion. On review the Court of Appeals affirmed the trial court in part declaring, among other things, the order was untimely and void. On transfer, focusing on First American's failure to file the agency record, we reversed the trial court's judgment. We summarily affirmed various other portions of the Court of Appeals opinion. In a footnote the Court announced, "We also summarily affirm that portion of the Court of Appeals opinion declaring the Commissioner's hearing order untimely and void, as well as that portion of the opinion declaring that a petitioner seeking judicial review of an agency decision need not demonstrate a separate showing of prejudice." Id. at 760 n.3.

In his Petition for Rehearing, the Commissioner takes issue with the first clause of the footnote contending, "the Court's judgment reversing the trial court for failing to dismiss the First American petition for judicial review appears inconsistent with its summary affirmance of the Court of Appeals concerning the timeliness of the Commissioner's hearing order and First American's failure to exhaust administrative remedies." Pet. for Reh'g at 1. According to the Commissioner, "there is substantial tension, if not outright conflict, among these statements." Id. at 3. We agree and therefore grant rehearing to delete the first clause of footnote three. In all other respects the original opinion is affirmed.

Rush, C.J., and Dickson, David and Massa, JJ., concur.

2