

**FILED**
Jun 10 2015, 10:05 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| **ATTORNEYS FOR APPELLANT** | **ATTORNEYS FOR APPELLEE** |
| Randall R. Fearnow | Gregory F. Zoeller |
| Quarles & Brady, LLP | Attorney General of Indiana |
| Chicago, Illinois 60654 | |
| | Frances Barrow |
| Lucy R. Dollens | Deputy Attorney General |
| Larissa E. Koshatka | Indianapolis, Indiana |
| Quarles & Brady, LLP | |
| Indianapolis, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Northlake Nursing and Rehabilitation Center, L.L.C. d/b/a Northlake Nursing and Rehabilitation Center, | June 10, 2015 |
| | Court of Appeals Cause No. 49A02-1411-PL-813 |
| *Appellant-Petitioner,* | |
| | Appeal from the Marion Superior Court |
| v. | Cause No. 49D13-1110-PL-41539 |
| State of Indiana Department of Health, | The Honorable Timothy Oakes, Judge |
| *Appellee-Respondent.* | |

**Barnes, Judge.**

# Case Summary

Northlake Nursing and Rehabilitation Center, L.L.C., ("Northlake") appeals the trial court's denial of its petition for judicial review of a decision by the Indiana State Department of Health ("ISDH"). We affirm.

# Issue

Northlake raises one issue, which we restate as whether the trial court properly denied its petition for judicial review.

# Facts

Northlake operated a nursing facility in Merrillville, and the ISDH licenses such facilities. In January 2009, the ISDH conducted a recertification and licensure survey of Northlake's facility and found that it was "not in compliance with health facility regulations." Appellant's App. p. 79. The ISDH filed an administrative complaint against Northlake, and Northlake agreed to enter into a Consent Decree to resolve the complaint. Under the May 2009 Consent Decree, the ISDH agreed to issue a three-month probationary license to Northlake. At the end of the probationary period, the ISDH agreed to reevaluate conditions at the facility. If it found that Northlake was "in substantial compliance with 410 I.A.C. 162," the ISDH agreed to issue a full license to Northlake upon Northlake's submission of an application and license fee. If Northlake was not in substantial compliance, the ISDH could extend the probationary license. Under Indiana Code Section 16-28-3-4, the ISDH can issue no more than three probationary licenses in a twelve-month period.

[4] Northlake's first probationary license was in effect from May 1, 2009, through July 31, 2009. At the end of the probationary license, the ISDH found that Northlake was not in substantial compliance and issued a second probationary license effective from August 1, 2009, to October 31, 2009. The ISDH again found that Northlake was not in substantial compliance during its second probationary period and issued a third probationary license effective from November 1, 2009, to January 31, 2010. The ISDH again found that Northlake was not in substantial compliance during the third probationary period and denied issuance of a full license to Northlake.

[5] On February 1, 2010, the ISDH issued an Emergency Order for Relocation of Residents of Northlake. Northlake initiated an administrative appeal of this order on February 2, 2010, under ISDH Cause No. AEO-146-10. On February 3, 2010, ISDH issued a Notice of Non-Renewal of License. Northlake initiated an administrative appeal of that order on February 9, 2010, under ISDH Cause No. C-814-10. On February 22, 2010, Northlake was notified by the federal agency that oversees the Medicare and Medicaid programs in Indiana that its Medicaid provider agreement was being terminated effective March 15, 2010.

[6] Northlake sought a stay of the Emergency Order for Relocation and argued that it was in substantial compliance when it filed its license application after the second probationary period and that the ISDH was required to issue a full license pursuant to the Consent Decree. After a hearing, the administrative law judge ("ALJ") entered findings of fact and conclusions of law denying Northlake's stay request and affirming the issuance of the Emergency Order for

Relocation on March 8, 2010. The ALJ found that Northlake "was not in substantial compliance for a large or substantial portion of the second or third probationary period" and that the "preponderance of the evidence shows that the Emergency Order was valid." Appellant's App. p. 70.

[7] Northlake sought emergency relief by filing a petition for judicial review in the Marion Superior Court No. 11 on March 8, 2010 ("First Petition"). The First Petition concerned both the Emergency Order for Relocation and the Notice of Non-Renewal of License. It sought a stay of both orders before March 15, 2010 and argued that the orders were arbitrary and capricious. According to Northlake, exhaustion of its administrative remedies would be futile because its Medicaid certification would be terminated before those remedies concluded, and it would suffer irreparable harm because all of the residents would have already moved to other nursing facilities. On March 16, 2010, the trial court granted a stay of the Emergency Order for Relocation and the Notice of Non-Renewal of License until a final determination was made in the judicial review action.[1]

[8] Northlake's facility closed on May 7, 2010. On June 30, 2010, Northlake's counsel withdrew from the judicial review action. On August 20, 2010, the trial

---

[1] Although the federal agency that governed Medicaid issued a notice on March 31, 2010, that lifted the mandatory termination and set a discretionary termination date of April 20, 2010, another survey found that Northlake was again not in substantial compliance. The agency then terminated Northlake's Medicaid eligibility. Northlake appealed the termination, but a federal ALJ found that the decision was proper and a federal Appeals Board affirmed the ALJ's decision. Northlake sought judicial review in federal court, but the district court denied the petition in August 2014.

court dismissed Northlake's petition for judicial review with prejudice because Northlake failed to appear at a Trial Rule 41(E) hearing.[2]

[9] In October 2010, the ISDH issued a final order that affirmed the ALJ's March 2010 order regarding the Emergency Order for Relocation. Northlake then filed a second petition for judicial review in Marion Superior Court No. 5 ("Second Petition"). In November 2013, the trial court granted Northlake's Second Petition. The trial court concluded that the action was not barred by res judicata, that the action was not moot, and that "ISDH's failure to issue Northlake a full license to operate its health care facility was a breach of the parties' Consent Decree and was arbitrary, capricious, and contrary to law." Appellant's App. p. 117. The ISDH did not appeal the trial court's decision.

[10] While the trial court was considering the Second Petition, the administrative appeal of the Notice of Non-Renewal of License also proceeded. On February 25, 2011, the ISDH filed a motion to dismiss Northlake's administrative appeal. The ISDH argued that the administrative appeal was moot because: (1)

---

[2] Indiana Trial Rule 41(E) provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

Northlake had relocated its residents and closed prior to its license being terminated; and (2) ISDH did not have the authority to grant a full license to Northlake because Northlake did not have at least four residents. The ISDH also argued that Northlake's petition for administrative review was untimely. On May 13, 2011, the ALJ found that Northlake's petition was timely but that it was moot. The ALJ noted that Northlake had initiated judicial review of the Notice of Non-Renewal of License in the First Petition but had "elected not to pursue or further contest the Non-Renewal of License." Appellant's App. p. 43. The ALJ also determined that Northlake was ineligible to receive a full license because it did not have at least four residents. Consequently, the ALJ dismissed Northlake's administrative appeal, and a final order was issued on September 26, 2011.

[11] Northlake then filed another petition for judicial review regarding the Notice of Non-Renewal of License in Marion Superior Court No. 13 ("Third Petition"). The trial court ultimately entered findings of fact and conclusions of law denying Northlake's Third Petition and affirming the agency action. The trial court concluded:

> Respondent's decision that this case is moot is in conformity with the law. Northlake brought a judicial review on the underlying issue of the notice of nonrenewal of its license, sought and gained relief in the form of a stay of agency action from the court, but closed its facility and abandoned the judicial review. Now, because there is no facility that ISDH may license due to Northlake's closure of its facility, this Court cannot provide relief to Northlake. Similarly, Northlake already brought a claim seeking review of the same underlying issue in a previous judicial review, failed to prosecute the case, and that judicial review was dismissed with prejudice. Thus, litigation of this case is

barred by the principle of res judicata. For these reasons, Northlake's judicial review must be denied and ISDH's decision is affirmed.

Appellant's App. p. 18.

[12] Northlake filed a motion to correct error, arguing that the trial court's order conflicted with Marion Superior Court No. 5's November 2013 order in the Second Petition. The ISDH argued that the Second Petition concerned only the Emergency Order for Relocation and was not relevant to the judicial review of the Notice of Non-Renewal of License in the Third Petition. The trial court denied Northlake's motion to correct error. Northlake now appeals.

## Analysis

[13] Northlake challenges the trial court's denial of its Third Petition regarding the Notice of Non-Renewal of License. "The burden of demonstrating the invalidity of agency action is on the party to the judicial review proceeding asserting invalidity." Ind. Code § 4-21.5-5-14(a). Our review is limited to determining whether the agency possessed jurisdiction over the subject matter, and whether the agency's decision was made upon substantial evidence, was not arbitrary or capricious, and was not in violation of any constitutional, statutory or legal principles. *Bryant v. Indiana State Dep't of Health*, 695 N.E.2d 975, 978 (Ind. Ct. App. 1998) (citing Ind. Code § 4-21.5-5-14). The trial court proceeding is not intended to be a trial de novo, but rather the trial court simply analyzes the record as a whole to determine whether the administrative findings are supported by substantial evidence. *Id.* Courts that review administrative determinations, at both the trial and appellate level, are prohibited from

reweighing the evidence and judging the credibility of witnesses and must accept the facts as found by the administrative body. *Id.* Although a reviewing court owes some deference to an administrative agency's findings of fact, no such deference need be accorded an agency determination of a matter of law. *Id.*

[14] On appeal, Northlake argues that the trial court erred by denying its petition for judicial review. Specifically, Northlake argues that its petition was not moot. However, the trial court also found that Northlake's petition should be denied because it was barred by res judicata, and Northlake does not address this finding by the trial court. We agree with the trial court's finding regarding res judicata.

[15] The doctrine of res judicata operates to preclude the litigation of matters that have already been litigated. *Dev. Servs. Alternatives, Inc. v. Indiana Family & Soc. Servs. Admin.*, 915 N.E.2d 169, 179 (Ind. Ct. App. 2009), *trans. denied*. The principle of res judicata is divided into two branches: claim preclusion and issue preclusion. "Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies." *Id.* "Issue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or issue where the fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action." *Id.*

[16]    Claim preclusion is at issue here.  When a party argues that the claim preclusion component of res judicata applies, four factors must be present, namely:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies.

*Id.* (quoting *Indpls. Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005), *trans. denied*).

[17]    Here, Northlake sought emergency relief of the Emergency Order for Relocation and the Notice of Non-Renewal of License by filing the First Petition in March 2010.  Northlake's First Petition sought a stay of both orders, and Northlake argued that exhaustion of its administrative remedies would be futile.  Northlake requested a finding that the ISDH's Emergency Order for Relocation and the Notice of Non-Renewal of License were arbitrary and capricious.  On March 16, 2010, the trial court granted a stay of the Emergency Order for Relocation and the Notice of Non-Renewal of License until a final determination was made in the judicial review.  However, on June 30, 2010, Northlake's counsel withdrew from the judicial review action.  On August 20, 2010, the trial court dismissed Northlake's petition for judicial review with prejudice because Northlake failed to appear at a Trial Rule 41(E) hearing.  The administrative appeal of the Notice of Non-Renewal of License later continued,

but the ALJ dismissed it, and the trial court, in the Third Petition, found in part that the action was barred by res judicata.

[18] The first factor in determining whether res judicata applies is whether the former judgment was rendered by a court of competent jurisdiction. In its reply brief, Northlake argues that the trial court in the First Petition lacked subject matter jurisdiction because Northlake had not exhausted its administrative remedies. Our supreme court has held that "the exhaustion of administrative remedies under [the Administrative Orders and Procedures Act] is a procedural error and does not implicate the trial court's subject matter jurisdiction." *First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757, 760 (Ind. 2014), *amended on reh'g*, 27 N.E.3d 768 (Ind. 2015). Moreover, Northlake argued in the First Petition that it was not required to exhaust its administrative remedies because it would suffer irreparable harm while the administrative appeal was finalized. *See, e.g., State Bd. of Tax Comm'rs v. Ispat Inland, Inc.*, 784 N.E.2d 477, 483 (Ind. 2003) (holding that a party may gain judicial review without exhausting its administrative remedies "where pursuit of administrative remedies would be futile, where strict compliance would cause irreparable harm, and where the applicable statute is alleged to be void on its face"). Northlake cannot now argue that the trial court in the First Petition lacked the ability to hear the case. The judgment was rendered by a court of competent jurisdiction.

[19] The next factor is whether the former judgment was rendered on the merits. The trial court dismissed the First Petition with prejudice under Indiana Trial Rule 41(E). "Unless the court in its order for dismissal otherwise specifies, a

dismissal under Trial Rule 41(E) operates as an adjudication upon the merits." *Indiana Dep't of Natural Res. v. Ritz*, 945 N.E.2d 209, 213 (Ind. Ct. App. 2011) (citing Ind. Trial Rule 41(B)), *trans. denied*. We have held that "a dismissal with prejudice constitutes a dismissal on the merits and is therefore conclusive of the rights of the parties and res judicata as to the questions that might have been litigated." *Baker & Daniels, LLP v. Coachmen Indus., Inc.*, 924 N.E.2d 130, 135 n.5 (Ind. Ct. App. 2010), *trans. denied*; *see also Ilagan v. McAbee*, 634 N.E.2d 827, 829 (Ind. Ct. App. 1994). Consequently, the dismissal with prejudice was a judgment rendered on the merits.

[20] The next factor is whether the matter now in issue was, or could have been, determined in the prior action. In the First Petition, Northlake asked the trial court to enter a stay of the Emergency Order for Relocation and the Notice of Non-Renewal of License and to find that the orders were arbitrary and capricious. The trial court granted the stay, but Northlake abandoned continued judicial review. The trial court could have determined whether the Notice of Non-Renewal of License was arbitrary and capricious, which is the same issue presented in the Third Petition.

[21] The final factor is whether the controversy adjudicated in the former action was between parties to the present suit or their privies. Northlake and the ISDH are parties to both the First Petition and the Third Petition.

All of the factors are present, and we conclude that the trial court properly found that res judicata barred Northlake's Third Petition.[3] Because the trial court properly denied Northlake's Third Petition based on res judicata, we need not address Northlake's mootness arguments. *See, e.g.*, *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 698 (Ind. Ct. App. 2013) (affirming the trial court's dismissal of the plaintiff's claims based on res judicata), *trans. denied*.

## Conclusion

The trial court properly denied Northlake's Third Petition based on res judicata. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.

---

[3] In the context of its mootness argument, Northlake briefly argues that the res judicata holding conflicts with the holding in the Second Petition. We acknowledge that, "[u]nder traditional res judicata doctrine, where there are conflicting judgments and each would be entitled to preclusive effect if it stood alone, the last in time controls in subsequent litigation." Ruth B. Ginsburg, Judgments in Search of Full Faith and Credit: The Last-in-Time Rule for Conflicting Judgments, 82 Harv. L. Rev. 798 (1969). However, Northlake makes no cogent analysis that the Second Petition, which concerned the Emergency Order for Relocation, is entitled to preclusive effect. Consequently, we decline to address res judicata in the context of the Second Petition.