

**FILED**

Dec 02 2016, 9:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Julia Blackwell Gelinas
Thomas E. Wheeler, III
Maggie L. Smith
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

David L. Steiner
Kyle Hunter
Deputies Attorney General
Indianapolis, Indiana

Gregory F. Hahn
Bryan H. Babb
Bradley M. Dick
Bose McKinney & Evans, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| First American Title Insurance Company, | December 2, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 49A05-1512-PL-2309 |
| v. | Appeal from the Marion Superior Court |
| Stephen W. Robertson, Insurance Commissioner of the state of Indiana, in his official capacity, on behalf of the Indiana Department of Insurance, | The Honorable Michael D. Keele, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 49D07-1105-PL-19374 |

**Barnes, Judge.**

## Case Summary

First American Title Insurance Company ("FATIC") appeals the trial court's dismissal of its complaint against Stephen Robertson, Insurance Commissioner of the State of Indiana ("Commissioner"), in his official capacity, on behalf of the Indiana Department of Insurance ("IDOI"). We affirm.

## Issue

FATIC raises two issues, which we consolidate and restate as whether the trial court properly dismissed FATIC's Writ of Prohibition and Action for Mandate, Request for Declaratory Relief, and Verified Amended Petition for Judicial Review against IDOI.

## Facts

In March 2009, the IDOI issued a market conduct examination warrant to FATIC and retained a third party to conduct the examination.[1] The third party filed its Verified Market Conduct Examination Report with the IDOI on September 30, 2010. The IDOI forwarded the report to FATIC on October 18, 2010, and FATIC filed a response on November 10, 2010. Under Indiana Code Section 27-1-3.1-11(a), the Commissioner was required to enter an order

---

[1] This market conduct examination was authorized by Indiana Code Chapter 27-1-3.1 and was part of an industry-wide investigation regarding title insurance in Indiana. *See also Robertson v. Ticor Title Ins. Co. of Florida*, 982 N.E.2d 9 (Ind. Ct. App. 2012), *trans. denied*, and *Com. Land Title Ins. Co. v. Robertson*, 5 N.E.3d 394 (Ind. Ct. App. 2014), *trans. denied*.

within thirty days after the end of the period allowed for the receipt of written submissions or rebuttals:

>   (1) adopting the examination report as filed or with modification or corrections;

>   (2) rejecting the examination report with directions to the examiners to reopen the examination for purposes of obtaining additional data, documentation or information, and refiling the report under this chapter; or

>   (3) calling for an investigatory hearing with no less than twenty (20) days notice to the company for purposes of obtaining additional documentation, data, information and testimony.

Ind. Code § 27-1-3.1-11(a).

[4] The Commissioner failed to enter an order. On December 20, 2010, the Commissioner requested a retroactive extension of time, to which FATIC agreed. The Commissioner again failed to file a timely order and requested another retroactive extension of time, to which FATIC again agreed. Although the Commissioner was supposed to file his order by February 4, 2011, he failed to do so. On March 21, 2011, the Commissioner requested that FATIC agree to another retroactive extension of time, but FATIC declined.

[5] Despite the failure to issue a timely order, the Commissioner issued an order on April 15, 2011, appointing an administrative law judge and ordering that an investigatory hearing be held. On May 17, 2011, FATIC filed a petition for judicial review and declaratory relief with the trial court. In the petition,

FATIC sought relief pursuant to the Administrative Orders and Procedures Act ("AOPA"), Indiana Code Chapter 4-21.5-1, and the Uniform Declaratory Judgment Act, Indiana Code Chapter 34-14-1. FATIC argued that the order was void because it was not timely filed. Rather than file a complete agency record, FATIC filed only the documents necessary to address the timeliness issue that was raised.

[6] IDOI filed a motion to dismiss, arguing in part that the petition should be dismissed because FATIC failed to file the complete agency record. The trial court rejected that argument, concluding that FATIC had provided all of the documents necessary to address the principal issue presented. Then, in May 2012, the trial court entered finding of fact and conclusions thereon denying FATIC's petition for judicial review and declaratory judgment. The trial court concluded that "FATIC has failed to demonstrate that it was prejudiced by [IDOI's] failure to act on the Report within thirty (3) days of FATIC's response or within thirty (30) days of the last agreed extension." Appellant's App. Vol. I p. 142.

[7] FATIC appealed this decision and argued that the Commissioner's failure to comply with the statutory deadline rendered his order void and that the trial court erred by requiring a separate showing of prejudice. Although FATIC requested that this court reverse the trial court's order and grant the petition for judicial review and declaratory judgment, FATIC did not separately discuss the declaratory judgment action in its appeal. The IDOI cross-appealed, arguing that FATIC's failure to exhaust its administrative remedies deprived the trial

court of subject matter jurisdiction and that FATIC failed to submit sufficient materials for judicial review. On the cross-appeal issues, we concluded that the IDOI's exhaustion of administrative remedies argument was waived because it was raised for the first time on appeal. *First American Title Ins. Co. v. Robertson ex rel. Indiana Dept. of Ins.*, 990 N.E.2d 9, 12-13 (Ind. Ct. App. 2013). Relying in part on *Izaak Walton League of Am., Inc. v. DeKalb Cnty. Surveyor's Off.*, 850 N.E.2d 957, 965 (Ind. Ct. App. 2006), *trans. denied*, we also held that the materials submitted by FATIC were sufficient for judicial review, and we affirmed the trial court's denial of IDOI's motion to dismiss. As for the issues presented by FATIC, we held that, because the Commissioner failed to issue a timely order, its order was void. We also concluded that FATIC was not required to demonstrate prejudice. Although the declaratory relief claim was not addressed in the appeal, we reversed the trial court's denial of FATIC's petition for judicial review and declaratory relief and remanded with instructions to grant the petition.

[8] The IDOI sought transfer to our supreme court, which was granted. *See First American Title Ins. Co. v. Robertson*, 19 N.E.3d 757 (Ind. 2014). Our supreme court summarily affirmed the portion of our opinion holding that the IDOI's exhaustion of administrative remedies claim was waived. In a footnote, the supreme court also summarily affirmed "that portion of the Court of Appeals opinion declaring the Commissioner's hearing order untimely and void, as well as that portion of the opinion declaring that a petitioner seeking judicial review of an agency decision need not demonstrate a separate showing of prejudice."

*Id.* at 760 n. 3. However, the court then held that, because FATIC failed to file the complete agency record with the trial court, its petition for judicial review could not be considered. *See id.* at 762-63 (discussing *Teaching Our Posterity Success, Inc. v. Ind. Dept. of Educ.*, 20 N.E.3d 149, 155 (Ind. 2014) (abrogating *Izaak Walton* and similar cases)). Thus, the court held that the trial court erred by failing to grant IDOI's motion to dismiss the petition.

[9] The IDOI then sought rehearing of the supreme court's opinion and took issue with the language of the footnote that summarily affirmed a portion of our opinion. IDOI noted a "substantial tension, if not outright conflict" between ordering the dismissal of FATIC's judicial review petition and summarily affirming the Court of Appeals' opinion regarding the timeliness of the Commissioner's order and FATIC's failure to exhaust administrative remedies. *First American Title Ins. Co. v. Robertson*, 27 N.E.3d 768, 769 (Ind. 2015). The supreme court agreed and granted rehearing "to delete the first clause of footnote three." *Id.* The court affirmed "[i]n all other respects. . . ." *Id.* Consequently, the court deleted that portion of the footnote that summarily affirmed the "Court of Appeals opinion declaring the Commissioner's hearing order untimely and void" but left intact the portion of the footnote that summarily affirmed our opinion "declaring that a petitioner seeking judicial review of an agency decision need not demonstrate a separate showing of prejudice." *First American Title Ins. Co.*, 19 N.E.3d at 760 n.3.

[10] On remand to the trial court, FATIC filed a "Writ of Prohibition and Action for Mandate, Request for Declaratory Relief, and Verified Amended Petition for

Judicial Review." Appellant's App. Vol. I p. 39. In the section regarding its request for declaratory relief, FATIC alleged that an administrative agency's void action is subject to collateral attack at any time. *Id.* at 55 (citing *Mies v. Steuben Cnty. Bd. of Zoning Appeals*, 970 N.E.2d 251, 258 (Ind. Ct. App. 2012), *trans. denied*). IDOI filed a motion to dismiss FATIC's filing. IDOI argued, in part, that AOPA was FATIC's exclusive remedy and that, based on the supreme court's opinion, FATIC's AOPA claim failed. IDOI also argued that FATIC's writ of prohibition and mandate and declaratory judgment actions failed because they were based on the same conduct as the AOPA claim. According to IDOI, FATIC could "not simply bring an AOPA claim dressed as a declaratory judgment action." *Id.* at 191. IDOI argued that the writ of prohibition and mandate and declaratory judgment claims were barred by res judicata and the law of the case doctrine. In response, FATIC argued that res judicata and the law of the case doctrine were inapplicable and that the Commissioner's void order was subject to collateral attack at any time.

[11]  The trial court granted IDOI's motion to dismiss. The trial court "dismisse[d] the original Verified Petition consistent with the Supreme Court's clear directive." Appellant's Appendix Vol. I p. 16. The trial court also concluded that the "declaratory judgment was not a separate claim that could survive dismissal" and that FATIC could not amend the petition. *Id.* at 17. The trial court dismissed the mandate and declaratory judgment claims in the amended petition based on res judicata. Finally, the trial court concluded that AOPA was the exclusive means for judicial review of IDOI's action and, "where an

administrative remedy is available, filing a declaratory judgment action is not a suitable alternative." *Id.* at 19 (citing *Outboard Boating Club of Evansville, Inc. v. Ind. State Dep't of Health*, 952 N.E.2d 340, 343 (Ind. Ct. App. 2001), *trans. denied*). The trial court determined that, "[b]ecause the AOPA provided [FATIC] with 'an administrative remedy,' [FATIC] may not bring declaratory judgment and mandate claims raising the same issue." *Id.* The trial court dismissed FATIC's petitions and remanded to IDOI for further proceedings. FATIC filed a motion to correct error, which the trial court denied after a hearing.

[12] FATIC sought to stay the administrative proceedings, which the administrative law judge and the trial court denied. FATIC then initiated this appeal, and at FATIC's request, this court stayed all underlying administrative proceedings pending completion of this appeal.

## Analysis

[13] FATIC appeals the dismissal of its Writ of Prohibition and Action for Mandate, Request for Declaratory Relief, and Verified Amended Petition for Judicial Review. A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. *Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015). "When ruling on a motion to dismiss, the court must 'view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the non-movant's favor.'" *Id.* (quoting *Kitchell v. Franklin*, 997 N.E.2d 1020, 1025 (Ind. 2013)). We review a trial

court's grant or denial of a Trial Rule 12(B)(6) motion de novo. *Id.* "We will not affirm such a dismissal 'unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.'" *Id.* (quoting *City of E. Chicago, Indiana v. E. Chicago Second Century, Inc.*, 908 N.E.2d 611, 617 (Ind. 2009)).

[14] FATIC argues that the trial court's dismissal of its action was improper because it was not required to exhaust administrative remedies before bringing a declaratory judgment action regarding an agency action that was ultra vires and void. FATIC also argues that its writ of prohibition and action for mandate and its declaratory judgment action are not barred by res judicata. IDOI responds that FATIC's action is barred by res judicata.

[15] We begin by noting, as IDOI does, that FATIC makes no argument regarding its AOPA claim, which was again dismissed by the trial court. Consequently, we will address only FATIC's claims for writ of prohibition and mandate and declaratory judgment.

[16] We first address IDOI's argument that FATIC's claims are barred by res judicata. The doctrine of res judicata operates to preclude the litigation of matters that have already been litigated. *Northlake Nursing & Rehab. Ctr., L.L.C. v. State Dep't of Health*, 34 N.E.3d 268, 273 (Ind. Ct. App. 2015). The principle of res judicata is divided into two branches: claim preclusion and issue preclusion. *Id.* "Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the

same issue or claim between those parties and their privies." *Id.* "Issue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or issue where the fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action." *Id.* Claim preclusion is relevant here.

[17] "Claim preclusion applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies." *Afolabi v. Atl. Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006). "When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action." *Id.* In order for a claim to be precluded, the following four requirements must be satisfied:

> (1) the former judgment must have been rendered by a court of competent jurisdiction;
>
> (2) the former judgment must have been rendered on the merits;
>
> (3) the matter now in issue was, or could have been, determined in the prior action; and
>
> (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Id.* In determining whether the doctrine should apply, it is helpful to inquire whether identical evidence will support the issues involved in both actions. *Id.*

[18] There is no question here that the former judgment was rendered by a court of competent jurisdiction, that the former judgment was rendered on the merits, and that the controversy adjudicated in the former action was between the parties to the present suit. FATIC, however, argues that res judicata should not bar its action because the issue of whether the Commissioner's order was void was presented in the former action, in the appeal before this court, and in the appeal before our supreme court but the supreme court chose not to resolve it. According to FATIC, "when a party affirmatively raises an issue on appeal and the appellate court chooses not to address that issue, Indiana law holds that res judicata applies only to the issues actually decided, it does not apply to issues raised by the parties but never addressed by the court." Appellant's Br. p. 40 (citing *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006), *Helms v. Rudicel*, 986 N.E.2d 302, 308 (Ind. Ct. App. 2013), *trans. denied*, *Think Tank Software Dev. Corp. Chester, Inc.*, 988 N.E.2d 1169, 1176-77 (Ind. Ct. App. 2013), *trans. denied*).

[19] IDOI relies on and the trial court cited to *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000 (Ind. Ct. App. 2003), *trans. denied*, which we find persuasive. In *Richter*, a worker filed a complaint against multiple companies alleging that he had been exposed to asbestos by the companies. He reached a settlement with some of the companies and voluntarily dismissed his complaint with prejudice. He later died, and his estate filed a wrongful death action against multiple companies, including four companies that had been dismissed with prejudice from the worker's original action. The companies filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(6), arguing that the estate's suit

was barred because the worker had brought his personal injury claim to judgment during his lifetime. The trial court determined that collateral estoppel and res judicata barred the estate's claims.

[20] On appeal, we noted:

> Although the Estate asserts that the wrongful death claim filed in January 2002 necessarily differs from the claims that were initially brought in 1997, we note that Terry's alleged exposure to asbestos containing various products manufactured or distributed by the companies, evidence of Terry's development of lung cancer as a result of the alleged exposure to asbestos from the products as well as evidence regarding the allegedly defective products that contained asbestos were issues in both cases. In the action filed in the Allen Circuit court, the [Estate] alleged negligence and outrageous conduct, strict liability, conspiracy, breach of warranty, and loss of consortium, all of which were based upon Terry's exposure to asbestos and the subsequent diagnosis of lung cancer. In essence, [the Estate] is now attempting to prove a wrongful death claim by alleging negligence and strict liability based on the same claimed exposures to the products that were asserted in the first action. Therefore, it can be said that the claims brought by [the Estate] are "inextricably woven" with the first action and could have been litigated in that proceeding.

*Richter*, 790 N.E.2d at 1003. We concluded:

> [I]t is apparent that Terry's claimed disability from asbestos exposure and the companies' alleged misconduct could have been litigated in the earlier court action. [The Estate] is merely asserting those same claims in the subsequent action that she chooses to label as a wrongful death action. Permitting [the Estate] to re-litigate those claims after Terry's death would

effectively grant her a second bite at the apple. The [Estate] had voluntarily dismissed their claims against the defendants on October 28, 1999, and the companies had prepared in anticipation of that trial. The companies would essentially be penalized in the event that [the Estate] would be permitted to sue them again for the same claims more than two years later. Such a result would violate the spirit of the res judicata doctrine that prevents such conduct. Similarly, were we to rule otherwise in circumstances such as those presented here and allow this case to proceed, the settlement of claims would be unlikely. That is, a case might never be settled until the individual dies.

*Id.* at 1004. Consequently, we determined that the matter was, or could have been, determined in the prior action and that the estate's claim was barred by res judicata.

[21] Similarly, here, FATIC's original claim included a petition for judicial review and a declaratory judgment action. The trial court denied FATIC's "Verified Petition for Judicial Review and Declaratory Relief." Appellant's App. Vol. I p. 142. FATIC then appealed the denial but made no specific argument regarding its requested declaratory relief before either this court or our supreme court. Our supreme court did not address the request for declaratory relief and determined that the trial court erred by failing to grant the Commissioner's motion to dismiss.[2] FATIC's original petition for judicial review and

---

[2] FATIC now argues that its request for declaratory relief remained pending because IDOI's motion to dismiss concerned only its request for judicial review. However, FATIC never raised this argument during its first appeal process. Further, regardless of whether the trial court is now addressing the initial request for declaratory relief or the refiled claim, we conclude that it is barred by res judicata.

declaratory relief and its current petition for a writ of prohibition and mandate, judicial review, and declaratory judgment both addressed the Commissioner's failure to file a timely order. FATIC is merely asserting the same claim that our supreme court previously rejected due to FATIC's failure to file the entire agency record.

[22] Despite this situation's similarity to *Richter*, FATIC argues that its current declaratory judgment action was proper. FATIC notes that the exhaustion of administrative remedies through AOPA may not be appropriate if an agency's action is challenged as being ultra vires and void or otherwise beyond the scope of the agency's authority. *Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d 979, 983 (Ind. 2005) (citing *Indiana Dep't of Envtl. Mgmt. v. Twin Eagle LLC*, 798 N.E.2d 839, 844 (Ind. 2003)). FATIC further argues that "[a] void action is subject to collateral attack at any time." *Mies v. Steuben Cty. Bd. of Zoning Appeals*, 970 N.E.2d 251, 258 (Ind. Ct. App. 2012). FATIC contends that the Commissioner's untimely order was beyond statutory authority and void and, as such, was subject to collateral attack.

[23] *Twin Eagle* and *Johnson* both discussed an agency's action challenged as ultra vires and void in the context of exhaustion of administrative remedies. *Twin Eagle* was a declaratory judgment action brought by a real estate developer against the Indiana Department of Environmental Management challenging whether some interim regulations governing wetlands' development were applicable to its project. Although IDEM argued that the developer had failed to exhaust its administrative remedies, the trial court addressed the declaratory

judgment action. In this context, our supreme court discussed the exhaustion of administrative remedies requirement and noted:

> Even if the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues. Ordinarily, an administrative agency must resolve factual issues before the trial court acquires subject matter jurisdiction. But exhaustion of administrative remedies is not required if a statute is void on its face, and it may not be appropriate if an agency's action is challenged as being ultra vires and void. More generally, if an action is brought upon the theory that the agency lacks the jurisdiction to act in a particular area, exhaustion of remedies is not required. To the extent the issue turns on statutory construction, whether an agency possesses jurisdiction over a matter is a question of law for the courts.

*Twin Eagle*, 798 N.E.2d at 844. The court concluded that the issues presented regarding IDEM's legislative authority to regulate the waters were pure questions of law. However, whether the regulations were applicable to the particular waters was a matter for administrative determination.

[24] Similarly, *Johnson* involved a seller of fireworks challenging the State Fire Marshal's ability to require certificates of compliance from each of its wholesale locations instead of one certificate from its central warehouse. Our supreme court determined that exhaustion of administrative remedies was required prior to the fireworks seller initiating a complaint against the Fire Marshal. The court held:

> [T]here is absolutely no question in the present case of the Fire Marshal's legal authority to license fireworks wholesalers; the question here is at most a mixed question of law and fact—and, quite likely in our view, a pure question of fact—as to whether each of the individual outlets selling fireworks is itself a wholesaler. The Court of Appeals was incorrect to hold that the Fire Marshal's authority is a question of statutory construction (a pure question of law), relieving Celebration from exhausting its administrative remedies. We find this to be a question of fact properly resolved through the administrative process.

*Johnson*, 829 N.E.2d at 983.

[25]   There is no claim here that IDOI lacks jurisdiction or general authority to investigate claims like those presented here. Rather, the issue is whether the Commissioner's order was timely. As in *Johnson*, this type of fact-sensitive issue should be resolved in the first instance by the administrative agency, not through a declaratory judgment action or action for prohibition and mandate. Further, we note that neither *Twin Eagle* nor *Johnson* addressed the specific issue presented here—whether res judicata prevented FATIC from filing a declaratory judgment action and action for prohibition and mandate after having received an unfavorable result through the first appeal process.[3] FATIC

---

[3] FATIC relies on *Town of Pittsboro Advisory Plan Com'n v. Ark Park, LLC*, 26 N.E.3d 110 (Ind. Ct. App. 2015), which we find unpersuasive here. In *Ark Park*, a developer filed a petition for judicial review and declaratory judgment after the town council denied its PUD concept plan application. The developer filed to file a timely and complete board record, and the trial court denied the town council's motion to dismiss and allowed the developer additional time to file the record. On appeal, we held that the trial court erred by denying the motion to dismiss the petition for judicial review based on the developer's failure to file a complete and timely record. With respect to the declaratory judgment action, the town council argued that a declaratory judgment action was improper under these circumstances and that it was merely an attempt to circumvent

had an administrative remedy here and was required to pursue that remedy. *Outboard Boating Club of Evansville, Inc. v. Indiana State Dep't of Health*, 952 N.E.2d 340, 343 (Ind. Ct. App. 2011) ("[W]here an administrative remedy is available, filing a declaratory judgment action is not a suitable alternative."). Although its remedy failed due to its failure to file the complete agency record, res judicata prevents FATIC from taking a second bite at the apple by filing the instant action. We conclude that the trial court properly granted IDOI's motion to dismiss.

## Conclusion

[26] The trial court properly granted IDOI's motion to dismiss because FATIC's claims are barred by res judicata. We affirm.

[27] Affirmed.

Bailey, J., and Riley, J., concur.

---

the judicial review process. We concluded that the developer presented no facts on which the trial court could have granted declaratory judgment and that its "specific constitutional challenge was not a proper claim for declaratory judgment." *Ark Park*, 26 N.E.3d at 122. This action did not concern whether res judicata prevented a claimant from filing a declaratory judgment action after being unsuccessful in its first petition for judicial review.