## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 20 2019, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
|---|---|
| Brenda L. White | Robert S. O'Dell |
| Indianapolis, Indiana | O'Dell & Associates, P.C. |
|  | Carmel, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brenda White, | June 20, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-CT-2874 |
| v. | Appeal from the Marion Superior Court |
| American Family Mutual Insurance Company, | The Honorable Patrick J. Dietrick, Judge |
| *Appellee-Defendant.* | Trial Court Cause No. 49D12-1204-CT-16278 |

**Robb, Judge.**

# Case Summary and Issue

Brenda White made several claims under her homeowner's insurance policy with American Family Mutual Insurance Company ("American Family") for purported storm damage to her home. American Family paid some but not all of the claims, finding that some claims were not caused by storm damage and were therefore not covered losses. In 2012, White filed a complaint against American Family for bad faith breach of contract, but summary judgment was entered against her. In 2018, White initiated a new action against American Family seeking relief on the same claims. The trial court dismissed this renewed complaint with prejudice for failing to state a claim upon which relief could be granted. White now appeals, raising the following restated issue: whether the trial court erred in dismissing her renewed complaint. Concluding the trial court did not err, we affirm.

# Facts and Procedural History

White has made several claims against her homeowner's policy with American Family for damage to her home from various storms, beginning with a hailstorm in April 2006. Some of her claims were paid, but her claims with respect to damage to her roof were denied because after inspection, the roof damage was attributed to improper installation or lack of maintenance rather than storm damage. White also claimed her home had mold that was caused as a result of water leaking through the damaged roof. American Family refused

the claims for mold removal and remediation because the roof damage was not storm related and the mold was not therefore caused by a covered loss.

[3]     Seeking satisfaction for her claims, White, by counsel, filed a complaint against American Family for bad faith breach of contract in April 2012. In July 2013, American Family filed a motion for summary judgment. White did not file a response but did appear for a hearing, now without counsel. In October 2013, the trial court entered its order granting summary judgment and entering final judgment for American Family upon concluding it was "undisputed that the damages which were not paid by American Family to White were not caused by storm damage. Thus, White's policy provided no insurance coverage because the damage was caused by faulty, inadequate or defective construction, repair, renovation or maintenance to her home." Second Amended Appendix of Appellee, Volume II at 77. White initiated a timely appeal of this decision, but her appeal was ultimately dismissed on American Family's motion because White had neither paid the filing fee nor requested pauper status, had not timely filed a brief, and did not respond to the motion to dismiss.

[4]     White received a letter from American Family dated June 10, 2016, that stated American Family was correcting an error on homeowners' policies that "could affect you if you previously had a loss under an American Family property policy issued between 2007 and 2015." *Id.* at 195.

> Policies issued during this time in Indiana contained language in a provision entitled "Suit Against Us", stating you only had one year to file a lawsuit against our company based on your claim.

However, an Indiana law that took effect on July 1, 2007, gave insureds at least two years to file lawsuits on claims.

Through our work with the Indiana Department of Insurance, we are extending the period you have to file a claim or lawsuit against our company, if you made a property claim under an Indiana policy issued on or after July 1, 2007 that stated you had only one year to file a lawsuit against our company based on your claim, or if you had a loss under such a policy and decided not to file a claim due to the one year time limit. This period of time is now ten years from the date of your loss.

*Id.* On August 16, 2018, "as per letter [from American Family]," White filed a pro se "complaint" under the 2012 cause number in Marion Superior Court again alleging American Family failed to honor her policy when it did not pay her roof and mold claims. *Id.* at 194. American Family filed a motion to dismiss for failure to state a claim upon which relief could be granted because 1) this matter was already litigated to conclusion; 2) res judicata and collateral estoppel bar re-litigation of these claims; and 3) some claims are barred by the statute of limitations. At the hearing on American Family's motion, the trial court asked White, "What's different today [than in 2012]?" Transcript, Volume I at 14. She responded, "The thing that is different today is that I have this letter stating that I . . . can sue because I wasn't happy." *Id.* The trial court granted American Family's motion and dismissed White's complaint. White now appeals.

## Discussion and Decision

# I. Standard of Review

We note first that White has proceeded in this litigation pro se. A pro se litigant is held to the same standards as a licensed attorney and "is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "One of the risks that a [litigant] takes when he decides to proceed pro se is that he will not know how to accomplish all of the things that an attorney would know how to accomplish." *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied, cert. dismissed*. Although a pro se litigant "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets[,]" *Zavodnik*, 17 N.E.3d at 266, we would also note that conversely, an attorney facing a pro se litigant should not wield his knowledge of the law's procedures as a cudgel. In this appeal alone, American Family filed a fifty-two-page brief in response to White's nine-page brief and filed four motions seeking to strike nearly every document White has filed with this court.[1] We expect and respect zealous advocacy and we appreciate that American Family has filled in many of the voids left by White's inexperience. We remind counsel, however, of the need to refrain from *overly* zealous advocacy, lest counsel veer into using the law's procedures to harass or intimidate others rather than for the legitimate

---

[1] White has not followed the appellate rules in briefing her case, but we are able to discern her argument sufficiently to decide this appeal on the merits rather than dismiss it for procedural defects. By separate order, we are denying all of American Family's motions to strike White's pleadings.

purpose of serving the client. *See* Ind. Rules of Professional Conduct, Preamble section [5].

[6] American Family raised several grounds for dismissal in its motion to dismiss and the trial court did not specify on which ground it was granting the motion. However, we review a trial court's ruling on a motion to dismiss de novo and may affirm if the grant is sustainable on any theory. *Freels v. Koches*, 94 N.E.3d 339, 342 (Ind. Ct. App. 2018).

## II.  Claim Preclusion

[7] The doctrine of res judicata precludes the litigation of matters that have already been litigated. *First Am. Title Ins. Co. v. Robertson*, 65 N.E.3d 1045, 1050 (Ind. Ct. App. 2016), *trans. denied*. As we have explained:

> The principle of res judicata is divided into two branches: claim preclusion and issue preclusion.
>
> The first of these branches, claim preclusion, applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy

adjudicated in the former action must have been between the
parties to the present suit or their privies.

*Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013), *trans. denied*. Claim preclusion "aims to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies." *H.S. v. W.P.*, 66 N.E.3d 623, 626 (Ind. Ct. App. 2016), *trans. denied*.

[8] White does not dispute that her current claims arise from the April 2006 storm damage nor does she dispute that she previously sought relief on those claims in the 2012 action. *See* Tr., Vol. I at 14. The 2012 litigation resulted in summary judgment for American Family because White did not designate any evidence in opposition to American Family's evidence that the losses she was claiming were not caused by storm damage and were therefore not covered losses. She claims, however, that the 2016 letter she received granted her a renewed opportunity to be fully compensated for her claims. American Family contends White's 2018 complaint is barred because it seeks to re-litigate the issues previously litigated between these parties.

[9] We agree with American Family. There is no question here that the former judgment was rendered by a court of competent jurisdiction, that the former judgment was rendered on the merits, and that the controversy in the former action was between the parties to the present suit: a final judgment on the merits was entered by Marion Superior Court in the 2012 action between White and American Family on the issue of whether White's American Family policy

covered her damage and mold claims. White's 2018 action again names American Family in seeking coverage for the same damage and mold claims. This action is therefore barred by the previous judgment.

[10] Contrary to White's belief, the 2016 letter did not give her a second chance to seek satisfaction against American Family. Rather, the letter simply advised White—and presumably, others who held American Family policies during the relevant time period—that *if* she had not filed a claim because of the erroneous provision in her policy, she had additional time to do so. Because White *had* filed a claim, however, the correction offered her no new avenue for relief. *See* Second Amended App. of Appellee, Vol. II at 195-96 (stating those who did not submit a claim, withdrew a claim, or accepted a lower payment because of the erroneous time limitation could re-submit the claim and those who wanted to sue but did not because they thought the time limit had expired had ten years from the date of loss to file suit).[2]

# Conclusion

[11] White's 2018 action against American Family is barred by res judicata, as the same claims between the same parties were litigated to a final conclusion on the

---

[2] The letter also states that the correction "could affect you if you previously had a loss under an American Family property policy *issued between 2007 and 2015*." *Id.* at 195 (emphasis added). White's claim stemmed from a 2006 storm and therefore presumably under a 2006 policy, so it is questionable whether White could have sought relief under this correction even if it otherwise applied.

merits in her 2012 action.  The trial court properly dismissed White's complaint.

[12]     Affirmed.

Baker, J., and Najam, J., concur.