Theresa KOPINSKI, Appellant–
Plaintiff,

v.

HEALTH AND HOSPITAL CORPO-
RATION OF MARION COUNTY,
Indiana, Appellee–Defendant.

No. 49A02–0111–CV–795.

Court of Appeals of Indiana.

April 23, 2002.

D. Robert Webster, Indianapolis, IN,
Attorney for Appellant.

Fred R. Biesecker, Greg Ullrich, India-
napolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff-Appellant Theresa Kopinski
(Kopinski) appeals the trial court's order
of demolition regarding property owned by
her.

We reverse.

Kopinski presents two issues which we
consolidate and restate as: whether the
trial court's decision to uphold the enforce-
ment authority's demolition order is arbi-
trary, capricious, an abuse of discretion,
unsupported by the evidence, or in excess
of statutory authority.

Kopinski is the owner of a certain piece
of real estate in Indianapolis, Indiana.
Situated on the piece of property is a
house, which was damaged by fire in May
2001. In July 2001, following an adminis-
trative hearing, a demolition order was
issued for the house on Kopinski's proper-
ty. Kopinski filed a complaint in the trial
court to appeal the demolition order. The
trial court held a hearing and upheld the
demolition order. It is from the trial
court's decision to uphold the demolition
order that Kopinski now appeals.

Kopinski asserts that the trial
court erred by upholding the demolition
order because the decision to demolish was
unsupported by the evidence. The trial
court is statutorily directed to review this
case under a *de novo* standard of review.
Ind.Code § 36–7–9–8(c). Under this type

of review, the trial court may, to a limited extent, weigh the evidence supporting the finding of fact by the enforcement authority. The court may negate the finding only if, based upon the evidence as a whole, the finding of fact was arbitrary, capricious, an abuse of discretion, unsupported by the evidence, or in excess of statutory authority. *Kollar v. Civil City of South Bend,* 695 N.E.2d 616, 619 (Ind.Ct.App.1998), *reh'g denied, trans. denied,* 714 N.E.2d 163 (1999). Moreover, the trial court may not substitute its judgment for that of the agency below; rather, the facts should be determined only one time. *Id.* at 619–20. Thus, we must determine whether the trial court's decision to uphold the order of the enforcement authority (here, Health and Hospital Corporation of Marion County, Indiana) is arbitrary, capricious, an abuse of discretion, unsupported by the evidence, or in excess of statutory authority. In addition, we note that the party seeking to overturn an administrative order has the burden of proof. *Kollar,* 695 N.E.2d at 620, 624 n. 1.

 The statute providing for actions to be taken by an enforcement authority with respect to an unsafe premises states, in part, that "[t]he ordered action must be reasonably related to the condition of the unsafe premises and the nature and use of nearby properties." Ind.Code § 36–7–9–5(a). Kopinski asserts that the trial court's order to demolish was erroneous due to the weight of the evidence.

At trial, Kopinski presented the testimony of three witnesses. Timothy Van Slyke, president of a remodeling and disaster restoration company, testified that the foundation and bulk of the structure is sound and that only thirty percent (30%) of the house needs to be reconstructed. Kopinski testified on her own behalf that five or six contractors had inspected the house and told her that the structure was sound.

She further stated that she had received mortgage approvals from four different mortgage companies for funds to reconstruct and repair the house. Kopinski testified that her intention was to obtain funds to improve the property at issue, but that no lender would give final approval on the mortgage without the removal of the demolition order. Finally, Kopinski presented the testimony of Bill Messick who holds the position of environmental health specialist with the Health and Hospital Corporation of Marion County, Indiana ("Health and Hospital"), the defendant-appellee in this cause of action. He testified that he is not a contractor and that he only took pictures of the exterior of Kopinski's property.

Health and Hospital's evidence consisted merely of a statement by their attorney that Kopinski's property meets the criteria set out in Ind.Code § 36–7–9–4 for "unsafe premises." As the sum total of their evidence, Health and Hospital submitted the order to demolish issued by the administrative hearing officer and ten photographs of the property taken by their employee, Bill Messick. Mr. Messick offered no testimony to the court on behalf of Health and Hospital.

We distinguish this case from *Kollar.* In *Kollar,* this Court concluded that the trial court's order affirming the city's demolition order was not arbitrary, capricious, an abuse of discretion, or in excess of statutory authority given the trial court's findings that the property had been in violation of city building codes for approximately ten years, that despite numerous opportunities to repair the property, the property was still in disrepair, that the property would require major reconstruction, and that the building was unsafe. Although we agree with the premise that where a building can be reasonably repaired it may be improper to order demoli-

tion of the property, the situation presented in *Kollar* required us to give further consideration to that original notion. In that case, the city had little confidence that the property would be repaired, and, given the extensive history of disrepair as outlined above, we concluded that demolition was a reasonable alternative.

The present case, however, has quite a different timeline from that found in *Kollar*. The evidence shows that a fire occurred in May 2001, and an order to demolish and notice of hearing were issued in June 2001. The administrative hearing occurred in July 2001, and the administrative hearing officer issued a demolition order. Kopinski then filed her complaint in the trial court to appeal the administrative ruling. That trial was held in November 2001. Unlike the court in *Kollar*, the trial court here made no findings. The trial court's order simply denies Kopinski's request to stay the order to demolish and affirms the order to demolish. Based upon the evidence presented by both Kopinski and Health and Hospital, we believe that demolition was not a reasonable option. *See* Ind.Code § 36–7–9–5(a).

Moreover, this Court has noted the option of repair as a reasonable alternative to demolition. Generally, "where a building can be reasonably repaired, it may be improper to order demolition of the property." *409 Land Trust v. City of South Bend*, 709 N.E.2d 348, 350 (Ind.Ct.App. 1999), *reh'g denied, trans. denied*, 726

N.E.2d 307 (affirming demolition order when owner failed to make required repairs after being given opportunity to make them). In *Kollar*, this Court stated that the "relevant question in a case such as this is whether the option of repair will effectively correct the condition considered to a danger to the public." 695 N.E.2d at 622 (recognizing option of repair but affirming demolition order where property had been in violation of city's building codes for ten years).

Here, Kopinski has met her burden to reverse the order of the administrative hearing officer. The evidence presented to the trial court was limited to the dangerous condition caused by the fire. The fire occurred on May 10, 2001, and Kopinski was ordered to demolish the premises by July 25, 2001. Therefore, we believe Kopinski was not given an adequate opportunity to repair the structure. Thus, we conclude that the trial court abused its discretion by failing to give Kopinski an opportunity to repair the premises prior to being ordered to demolish it.

Reversed.

BROOK, C.J., and VAIDIK, J., concur.