ATTORNEYS FOR APPELLANT

Robert M. Oakley
Daniel K. Dilley
Carmel, Indiana

ATTORNEY FOR APPELLEES MARION
COUNTY, INDIANA, CITY OF
INDIANAPOLIS, MATTHEW PIETRZAK,
STEPHANIE BUTTZ, ERIC LEE, AND
DIANNA JOHNSON

Benjamin J. Church
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES STATE OF
INDIANA AND THE INDIANA
DEPARTMENT OF CORRECTION

Gregory F. Zoeller
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED

Dec 22 2015, 11:39 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-1512-PL-709

RANDY L. THORNTON,

*Appellant (Plaintiff below),*

v.

STATE OF INDIANA, INDIANA
DEPARTMENT OF CORRECTION,
MARION COUNTY, INDIANA,
CITY OF INDIANAPOLIS, MATTHEW
PIETRZAK, STEPHANIE BUTTZ,
ERIC LEE, AND DIANNA JOHNSON,

*Appellees (Defendants below).*

Appeal from the Marion Superior Court, No. 49D11-1402-PL-003833
The Honorable John F. Hanley, Judge

**December 22, 2015**

**Per Curiam.**

Plaintiff Randy Thornton brought multiple claims against several defendants arising out of his incarceration for a probation violation that allegedly occurred after his term of probation had expired. The trial court dismissed his claims against all defendants. The Court of Appeals affirmed in a memorandum decision. Thornton v. State of Indiana, No. 49A02-1409-PL-662 (Ind. Ct. App. August 14, 2015). Thornton seeks transfer, contending only that his claim against four individual probation officers (the "Defendants") under 42 U.S.C. § 1983 was improperly dismissed. [1]

The Defendants moved to dismiss Thornton's § 1983 claim pursuant to Indiana Trial Rule 12(B)(6), contending Thornton failed to state a claim upon which relief could be granted because his claim was barred by the statute of limitations. (Appellant's App. 19, 29-30). The trial court summarily granted the Defendants' motion. Affirming that decision, the Court of Appeals did not address the parties' arguments for and against dismissal, but *sua sponte* determined, "Thornton has wholly failed to state a claim against [the Defendants] even assuming his claims were timely filed." Thornton, No. 49A02-1409-PL-662, slip op. at 6.

"A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it." Kitchell v. Franklin, 997 N.E.2d 1020, 1025 (Ind. 2013) (internal quotation omitted). When ruling on a motion to dismiss, the court must "view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the non-movant's favor." Id. We review a trial court's grant or denial of a Trial Rule 12(B)(6) motion *de novo.* Id. We will not affirm such a dismissal "unless it is apparent that the facts

---

[1] Under Appellate Rule 17(A), a party of record in the trial court is a party on appeal. However, Thornton does not challenge the dismissal of his claims against the State defendants on appeal. Also, Thornton does not directly appeal the trial court's dismissal of his claims against Marion County or the City of Indianapolis. The Court of Appeals accordingly reviewed only the propriety of the trial court's dismissal of his § 1983 claim against the individually-named probation officers. We do the same.

alleged in the challenged pleading are incapable of supporting relief under any set of circumstances." City of E. Chicago, Indiana v. E. Chicago Second Century, Inc., 908 N.E.2d 611, 617 (Ind. 2009) (internal quotation omitted).

Section 1983 of Title 42 of the United States Code is a federal statute which "provides a civil remedy against any 'person' who, under color of state law, subjects a 'citizen of the United States' to the 'deprivation of any rights, privileges, or immunities' secured by the federal Constitution or federal laws." Bayh v. Sonnenburg, 573 N.E.2d 398, 402 (Ind. 1991) (quoting 42 U.S.C. § 1983). "By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute." Gomez v. Toledo, 446 U.S. 635, 640 (1980). A § 1983 claim need only allege that "some person has deprived [the claimant] of a federal right" and that person "acted under color of state or territorial law." Id. See In re Tina T., 579 N.E.2d 48, 62 (Ind. 1991) (recognizing that to sufficiently plead a § 1983 claim, a plaintiff "need allege only that some person acting under color of state law has deprived the claimant of a federal right." (citing Green v. Maraio, 722 F.2d 1013, 1016 (2d Cir. 1983))). Among other things, Thornton's complaint alleged the Defendants, Marion County probation officials, took actions which constituted "unconstitutional deprivations of liberty and violations of due process." (Appellant's App. 13). Thornton's complaint stated a claim for relief under § 1983.

In the lower courts, Defendants offered two alternative arguments in support of dismissal: (1) Thornton's claim was filed after the statute of limitations expired; and (2) the Defendants are entitled to quasi-judicial immunity. We may affirm a trial court's grant of a motion to dismiss if it is sustainable on any basis in the record. See City of New Haven v. Reichhart, 748 N.E.2d 374, 378 (Ind. 2001) (citing Minks v. Pina, 709 N.E.2d 379, 381 (Ind. Ct. App. 1999)).

We note the Defendants do not reassert their statute of limitations argument on transfer, and, regardless, we find the argument unpersuasive. As to quasi-judicial immunity, such a determination requires an inquiry into "the nature of the function performed, not the identity of the person who performed it." Mendenhall v. City of Indianapolis, 717 N.E.2d 1218, 1226 (Ind. Ct. App. 1999) (citing Forrester v. White, 484 U.S. 219, 224 (1988)), *trans. denied*. The record before us is insufficient to permit such an inquiry.

3

We find the trial court erred when it determined Thornton's complaint did not state a claim for relief under 42 U.S.C. § 1983 against the individually-named probation officers. Accordingly, we grant transfer and reverse dismissal of Thornton's § 1983 claim against the Defendants and remand to the trial court for further proceedings. In doing so, we express no opinion on the merits of Thornton's claim. In all other respects we summarily affirm the Court of Appeals' decision. *See* Ind. Appellate Rule 58(A)(2).

Rush, C.J., and Rucker and David, JJ., concur.

Dickson and Massa, JJ., dissent without opinion.