## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 06 2016, 5:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles Sweeney
Carlisle, Indiana

ATTORNEYS FOR APPELLEES
Gregory F. Zoeller
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana.

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Sweeney,

*Appellant-Plaintiff,*

v.

David C. Long, President Pro Tempore, Indiana General Assembly, et al.,

*Appellees-Defendants.*

December 6, 2016

Court of Appeals Case No.
49A05-1602-CT-425

Appeal from the Marion Superior Court.
The Honorable Gary L. Miller, Judge.
Trial Court Cause No.
49D03-1510-CT-33234

**Friedlander, Senior Judge**

[1] We grant rehearing for the limited purpose of clarifying the original decision in this matter. We therefore grant Sweeney's petition for this limited purpose, but otherwise reaffirm the decision reached in our original opinion.

[2] Sweeney alleged he was entitled to prospective (injunctive) relief under 42 U.S.C. §1983, and named Senator David C. Long, President Pro Tempore of the Indiana Senate, and the Indiana General Assembly as defendants. With respect to prospective (injunctive) relief, the United States Supreme Court observed in *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 n.10 (1989), that "[o]f course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Regardless of the relief requested, however, a state or state agency may not be sued under § 1983. *City of Warsaw v. Orban*, 884 N.E.2d 262 (Ind. Ct. App. 2007), *trans. denied*.

[3] Sweeney's complaint was properly dismissed as to the named defendants. The Indiana General Assembly, a branch of state government, could not be sued under § 1983. Senator Long, although a "person" for purposes of § 1983 with respect to prospective relief only, was entitled to dismissal because Sweeney did not state a claim upon which relief could be granted. A § 1983 claim need only allege that a person has deprived the claimant of a federal right while that person was acting under color of state or territorial law. *Thornton v. State*, 43 N.E.3d 585 (Ind. 2015). Sweeney has not met even this low bar as to Senator Long, alleging only that the Indiana General Assembly has failed to act or

respond to his requests that Indiana Code section 35-33-10-5 be repealed. Sweeney has not identified how Senator Long has deprived Sweeney of a federal right while acting in his official capacity.

Mathias, J., and Barnes, J., concur.