## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 16 2018, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Roberta L. Renbarger
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Adam M. Henry
Beers Mallers Backs & Salin, LLP
Fort Wayne, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| People of Conviction, Inc., et al., <br> *Appellant,* <br><br> v. <br><br> Neighborhood Code Enforcement, <br> *Appellee.* | March 16, 2018 <br><br> Court of Appeals Case No. <br> 02A03-1704-MI-1138 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Thomas J. Felts, Judge <br> The Honorable Andrea Trevino, Magistrate <br><br> Trial Court Cause No. <br> 02C01-1701-MI-56 |

**Pyle, Judge.**

# Statement of the Case

[1] People of Conviction, Inc. ("POC") and Saharra Bledsoe ("Bledsoe"), who is the founder of POC, appeal the trial court's order "dismiss[ing] and/or deny[ing]" POC's petition for judicial review of a demolition order. (App. Vol. 2 at 7). The demolition order, which had been issued by the City of Fort Wayne's Neighborhood Code Enforcement ("NCE"), required POC to demolish a house determined to be unsafe. After a hearing officer held a hearing on the demolition order, at which POC failed to appear, the hearing officer affirmed the demolition order. Bledsoe, who is not an attorney, filed, on behalf of POC, a petition for judicial review, in which POC argued only that it did not have adequate notice of the hearing in front of the hearing officer. POC's petition for judicial review did not raise a challenge to the determination that its property was unsafe. The trial court alternatively dismissed and/or denied POC's petition for judicial review. Specifically, the trial court dismissed the petition for judicial review based on POC's failure to have an attorney represent it at the trial court as required by statute and based on its failure to comply with the statutory requirements for obtaining judicial review of the hearing officer's order affirming the demolition order. The trial court, nevertheless, reviewed the merits of the argument raised in POC's petition for judicial review, concluded that POC had received adequate notice of the hearing, and denied POC's petition.

[2] On appeal, POC challenges only the trial court's dismissal of its petition for judicial review. It does not argue that the trial court's denial of the petition—

which was the trial court's alternative ruling that disposed of POC's petition—was erroneous. Because POC fails to challenge the trial court's denial of its petition for judicial review and because we can affirm the trial court's judgment on any basis supported by the record, we need not address POC's arguments regarding the trial court's dismissal of its petition for judicial review, and we affirm the trial court's judgment because it is sustainable on the basis of its denial of POC's petition for judicial review.

[3] We affirm.

## Issue

Whether the trial court erred by denying POC's petition for judicial review.

## Facts

[4] POC is an Indiana corporate entity. Bledsoe is a clergywoman and founder of POC. POC owns property at 1325 South Anthony Boulevard in Fort Wayne.

[5] On November 30, 2016, NCE issued an "Order to Demolish" to POC regarding its Anthony Boulevard property. (App. Vol. 2 at 17). The Order to Demolish provided that the house, tree, and steps of POC's property had been deemed "unsafe" and instructed POC that it was to demolish the unsafe structures and remove the debris by December 16, 2016. (App. Vol. 2 at 17).

[6] On December 19, 2016, a hearing officer held a hearing on the Order to Demolish, and evidence was presented. Bledsoe appeared on behalf of POC. At the request of POC, the hearing officer agreed to continue the hearing to

January 17, 2017. Representatives for POC and NCE signed an acknowledgment that the hearing was continued to January 17, 2017 at 8:30 a.m. The acknowledgement contained the following advisement: "If you do not appear at the scheduled administrative hearing, the hearing will be held in your absence." (Appellee's App. Vol. 2 at 2).

[7] POC failed to appear for the January 17 hearing. After that hearing, the hearing officer issued a written hearing decision and affirmed NCE's Order to Demolish. Within the hearing decision, the hearing officer made the following findings of fact: (1) proper notice of the hearing and the Order to Demolish were "given to all persons with substantial property interest in the real estate affected[;]" and (2) "[u]nder IC 36-7-9 et seq. and Chapter 150 and 152, the building(s) is/are" a "fire hazard[,]" a "hazard to public health[,]" a "public nuisance[,]" "[d]angerous to a person or property because of violations under Chapter 150 or 152[,]" and "[v]acant and not maintained in a manner that would allow human habitation, occupancy, or use under the requirements of City Ordinance in Chapter 150 or 152." (App. Vol. 2 at 21).

[8] Thereafter, on January 24, 2017, POC filed a petition for judicial review with the Allen Circuit Court. Bledsoe, who is not an attorney, filed the petition on POC's behalf. The petition provided as follows:

> This Petition for Judicial Review is filed because we received notice of Emergency demolition of the property located at 1325 S. Anthony Blvd. We did not receive notice of a hearing to place this property up for demolition. Therefore, we are requesting a

stay of demolition and a hearing in order to show my plan for bring[ing] the property up to code.

(App. Vol. 2 at 42). The petition was not verified, and Bledsoe did not include the findings of fact or action taken by the hearing authority as required by statute. *See* IND. CODE § 36-7-9-8.

[9] NCE subsequently filed its answer and affirmative defenses. As for the merits of POC's argument in its petition, NCE denied that it had failed to provide notice of the hearing. NCE also argued that POC's petition for judicial review should be dismissed because: (1) the petition had been filed by Bledsoe, who was not an attorney and could not represent POC in the court proceeding; (2) there was a lack of jurisdiction; and (3) POC had failed to state a claim upon which relief could be granted.

[10] On March 24, 2017, the trial court held a hearing. Bledsoe appeared on behalf of POC. The record on appeal does not include a transcript of the hearing, and the information we have regarding the hearing comes from the trial court's order on appeal. Apparently, during the hearing, Bledsoe argued that NCE should have told her that POC was required to hire counsel, and she requested additional time to obtain legal counsel for POC. In regard to POC's lack of notice argument raised in its petition for judicial review, Bledsoe apparently argued that POC's due process rights had been violated because POC did not receive notice of the January 2017 hearing in front of the hearing officer.

[11]     Thereafter, on March 29, 2017, the trial court issued an order "dismiss[ing] and/or deny[ing]" POC's petition for judicial review. (App. Vol. 2 at 7). The trial court dismissed the petition based on POC's failure to have an attorney represent it and its failure to comply with the statutory requirements for obtaining judicial review of the decision of the hearing authority. In regard to the first reason for dismissal, the trial court explained that, pursuant to INDIANA CODE § 34-9-9-1, POC was required to be represented by an attorney. The trial court determined that because Bledsoe, who was not an attorney and could not represent POC, had filed POC's petition, it was "a nullity[,] . . . ha[d] no legal effect[,] and should be dismissed." (App. Vol. 2 at 8).

[12]     The trial court also rejected Bledsoe's argument that NCE should have told her that POC was required to hire counsel, and it denied her request to continue to hire counsel, reasoning as follows:

>     Assuming, *arguendo*, that the Court were to grant [POC] leave to obtain counsel, said action would not change the result. [POC's] subsequently filed Petition for Judicial Review was not verified, did not expressly include the findings of fact and action taken by the hearing authority, and was not timely filed . . . . Accordingly, dismissal of the Petition for Judicial Review is proper.

(App. Vol. 2 at 8).[1]

---

[1] Although the trial court stated that the petition for judicial review was untimely, that finding is not at issue in this appeal.

[13] Although it determined that POC's petition should be dismissed, the trial court also reviewed POC's "sole issue raised in the Petition for Judicial Review" that it did not receive notice of the January 2017 hearing on the Order to Demolish, and it determined that the argument "fail[ed] on its merits." (App. Vol. 2 at 9). The trial court found that "[b]ased upon the undisputed facts presented during the March 24th [judicial review] hearing regarding the notice issue," there was "no support for the assertion that [POC] received inadequate notice" of the January 2017 hearing on the Order to Demolish "or that its due process rights were otherwise violated." (App. Vol. 2 at 10).

[14] Thereafter, despite the trial court's order informing Bledsoe that she could not represent POC, Bledsoe continued to file pleadings on behalf of POC. On April 7, 2017, Bledsoe filed with the trial court a "Notice of De Novo Appeal to Court of Appeal," in which she stated that POC was appealing the trial court's judicial review order. (App. Vol. 2 at 33). Bledsoe also filed with the trial court a "Motion to Stay Pending Appeal." (Appellee's App. Vol. 2 at 6). In the motion, she stated that she was POC's "legal representative[.]" (Appellee's App. Vol. 2 at 6). Thereafter, on April 21, 2017, the trial court denied POC's motion to stay.

[15] In May 2017, Bledsoe realized that she had not properly filed a notice of appeal to commence an appeal of the trial court's judicial review order. Bledsoe then hired counsel to represent POC on appeal. Counsel filed with our Court a notice of appeal, a motion to file a belated brief, and a motion to stay the enforcement of the Order to Demolish. Thereafter, in June 2017, our Court

noted that POC's appeal was untimely but allowed the appeal to proceed, and we granted POC's belated brief motion and motion to stay.

# Decision

POC argues that the trial court erred by dismissing POC's petition for judicial review of the hearing officer's order affirming NCE's Order to Demolish.

Pursuant to the statutes relating to Indiana's Unsafe Building Law, an enforcement authority,[2] such as NCE, is authorized to "issue an order requiring action relative to any unsafe premises," including demolition of an unsafe building. *See* IND. CODE § 36-7-9-5. Upon the entry of such an order by an enforcement authority, INDIANA CODE § 36-7-9-7 requires that a hearing must be held and "conducted by the hearing authority."[3] I.C. § 36-7-9-7(a). "At the conclusion of any hearing at which a continuance is not granted, the hearing authority may make findings and take action to: (1) affirm the order; (2) rescind the order; or (3) modify the order[.]" I.C. § 36-7-9-7(d) (format modified). INDIANA CODE § 36-7-9-8 allows for an appeal of "[a]n action taken by the hearing authority under section 7(d)" and provides, in relevant part, as follows:

---

[2] "'Enforcement authority' refers to the chief administrative officer of the department, except in a consolidated city. In a consolidated city, the division of development services is the enforcement authority, subject to IC 36-3-4-23." I.C. § 36-7-9-2.

[3] "'Hearing authority' refers to a person or persons designated as such by the executive of a city or county, or by the legislative body of a town. . . . An employee of the enforcement authority may not be designated as the hearing authority." I.C. § 36-7-9-2.

> (b) A person requesting judicial review under this section *must file a verified complaint including the findings of fact and the action taken by the hearing authority*. The complaint must be filed within ten (10) days after the date when the action was taken.

I.C. § 36-7-9-8 (emphasis added).[4]

[18] The trial court, when reviewing a petition for judicial review of a demolition order under INDIANA CODE § 36-7-9-8, is required to review it under a de novo standard of review. *See* I.C. § 36-7-9-8 (c) (explaining that "[a]n appeal under this section is an action de novo"); *see also Brown v. Anderson Bd. of Pub. Safety*, 777 N.E.2d 1106, 1108 (Ind. Ct. App. 2002), *trans. denied*. When appellate courts review a trial court's decision on a demolition order, "we must determine whether it was arbitrary, capricious, an abuse of discretion, unsupported by the evidence, or in excess of statutory authority." *Id.* (citing *Kopinski v. Health & Hosp. Corp. of Marion Cnty.,* 766 N.E.2d 454, 454-55 (Ind. Ct. App. 2002) (citing *Kollar v. Civil City of South Bend,* 695 N.E.2d 616, 619 (Ind. Ct. App. 1998), *reh'g denied*, *trans. denied*)).

[19] Here, NCE, as the enforcement authority, issued the Order to Demolish POC's property that had been deemed unsafe. The hearing authority held two

---

[4] Such an appeal may be filed by "any person who has a substantial property interest in the unsafe premises" or "any person to whom that order or finding was issued" and "is subject to review by the circuit or superior court of the county in which the unsafe premises are located[.]" I.C. § 36-7-9-8(a). A "'[s]ubstantial property interest' means any right in real property that may be affected in a substantial way by actions authorized by this chapter, including a fee interest, a life estate, a future interest, a mortgage interest, or an equitable interest of a contract purchaser." I.C. § 36-7-9-2.

hearings on the demolition order; Bledsoe attended the first hearing on behalf of POC but failed to attend the second hearing. After the second hearing, the hearing authority issued findings of fact regarding the unsafe nature of the property and took action by affirming NCE's Order to Demolish. POC attempted to file, pursuant to INDIANA CODE § 36-7-9-8, an appeal of the hearing authority's decision by filing a petition for judicial review. The petition, however, was not verified and did not include the findings of fact or action taken by the hearing authority as required by statute. *See* I.C. § 36-7-9-8. Additionally, the petition alleged only that POC had "not receive[d] notice of a hearing to place [its] property up for demolition" and did not challenge the demolition order's determination that its property was unsafe. Furthermore, the petition was filed in the trial court by Bledsoe on POC's behalf despite the fact that, pursuant to INDIANA CODE § 34-9-1-1,[5] POC was required to be represented by an attorney. *See Royalty Vans, Inc. v. Hill Bros. Plumbing & Heating, Inc.*, 605 N.E.2d 1217, 1220 (Ind. Ct. App. 1993) (explaining that a corporation must be "represented by an attorney in all cases except certain small claims actions"), *reh'g denied*. The trial court entered an order "dismiss[ing] and/or deny[ing]" POC's petition for judicial review. (App. Vol. 2 at 7). The trial court dismissed the petition for judicial review based on POC's failure to have an attorney represent it at the trial court level as required

---

[5] INDIANA CODE § 34-9-1-1 provides, in relevant part, that "[a] corporation and any organization required to make application to the secretary of state under I C 25-11-1-3 *must appear by [an] attorney* in all cases." (Emphasis added).

by statute and its failure to comply with the statutory requirements for obtaining judicial review of the hearing officer's order affirming the demolition order. The trial court denied POC's petition based on its review of the merits of POC's sole argument raised in its petition, its consideration of "evidence and argument presented" during the judicial reviewing hearing, and its conclusion that POC had adequate notice of the hearing on the demolition order. (App. Vol. 2 at 9).

[20] Now, on appeal, POC challenges only the trial court's *dismissal* of its petition for judicial review.[6] It does not argue that the trial court's *denial* of the petition—which was the trial court's alternative ruling that disposed of POC's petition—was erroneous. As a result, we may affirm the trial court's order on POC's petition for judicial review based on the trial court's ruling denying the petition.

[21] "The judgment of the trial court will be affirmed on appeal if sustainable on any basis." *Indiana State Bd. of Pub. Welfare v. Tioga Pines Living Ctr., Inc.*, 622

---

[6] POC argues that the trial court erred by dismissing its petition for judicial review based on: (1) its failure to have an attorney represent it at the trial court; and (2) its failure to comply with the statutory requirements for obtaining judicial review. In regard to the first basis for dismissal, POC acknowledges that INDIANA CODE § 34-9-1-1 required it to be represented by counsel, but it argues that Bledsoe was unaware of the requirement and that the trial court should have granted her a continuance to secure counsel for POC instead of dismissing POC's petition for judicial review on this ground. POC argues that the trial court violated POC's due process right to be heard by dismissing its petition for judicial review based on its failure to have an attorney represent it and by not allowing it additional time to obtain counsel.

As for the second basis for dismissal, POC also acknowledges that INDIANA CODE § 36-7-9-8 required that its petition for judicial review be verified and include findings of fact and the action taken by the hearing authority and that its petition lacked these. POC, however, contends that the statement in its petition for judicial review "appears to encompass" the statutory requirement of including findings of fact and the action taken by the hearing authority. (POC's Br. at 14). In other words, POC seems to be arguing that its failure to follow the requirements of INDIANA CODE § 36-7-9-8 should be excused because its petition for judicial review substantially complied with the statute.

N.E.2d 935, 940 (Ind. 1993) (relating to summary judgment), *cert. denied*. *See also Price v. Ind. Dep't of Child Servs.*, 80 N.E.3d 170, 173 (Ind. 2017) (explaining that appellate courts will affirm a trial court's decision to dismiss a complaint if it "'is sustainable on any basis in the record'") (quoting *Thorton v. State*, 43 N.E.3d 585, 587 (Ind. 2015)); *Neeley v. State*, 70 N.E.3d 866, 870 (Ind. Ct. App. 2017) (stating that "[w]e may affirm a trial court's decision regarding the admission of evidence if it is sustainable on any basis in the record"); *Faris v. State*, 901 N.E.2d 1123, 1126 (Ind. Ct. App. 2009) (explaining that appellate courts will affirm the denial of a motion to suppress if it is "sustainable on any legal grounds apparent in the record"), *trans. denied*.

[22] POC makes no argument challenging the trial court's determination of the merits of its issue raised in POC's petition for judicial review that served as the basis for the trial court's ruling denying POC's petition. Specifically, the issue raised by POC's argument in its petition was that it did not have notice of the January 2017 hearing before the hearing authority. During the March 2017 judicial review hearing, the parties presented "evidence and argument" regarding this notice issue, and the trial court found "no support for the assertion that [POC] received inadequate notice of the January 17, 2017 hearing[.]" (App. Vol. 2 at 9, 10). It was on this basis that the trial court alternatively ruled on POC's petition for judicial review and denied it.

[23] Because POC fails to challenge the trial court's denial of its petition for judicial review and because we can affirm the trial court's judgment on any basis supported by the record, we need not address POC's arguments regarding the

trial court's dismissal of its petition for judicial review. We conclude that the trial court's judgment is sustainable on the basis of its denial of POC's petition for judicial review, and we affirm the trial court's judgment.

[24] Affirmed.

Riley, J., and Robb, J., concur.