FILED

Mar 19 2019, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Michael Ghosh
The Ghosh Law Office, LLC
Carmel, Indiana

ATTORNEY FOR APPELLEES
MATTHEW PIETRZAK AND
STEPHANIE BUTTZ

Tara L. Gerber
Office of Corporation Counsel
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Randy L. Thornton,

*Appellant-Plaintiff,*

v.

Matthew Pietrzak, Stephanie
Buttz, Eric Lee, and Dianna
Johnson,[1]

*Appellees-Defendants.*

March 19, 2019

Court of Appeals Case No.
18A-PL-1356

Appeal from the
Marion Superior Court

The Honorable
John F. Hanley, Judge
The Honorable
Ian L. Stewart, Commissioner

Trial Court Cause No.
49D11-1402-PL-3833

**Kirsch, Judge.**

---

[1] We note that the State of Indiana; Indiana Department of Correction; Marion County, Indiana; and City of Indianapolis were all original parties in this case but were previously dismissed from the case before the underlying proceedings involved in the present case.

Randy L. Thornton ("Thornton") appeals the trial court's grant of summary judgment in favor of Matthew Pietrzak ("Pietrzak"), Stephanie Buttz ("Buttz") (together, "Appellees"), Eric Lee ("Lee"), and Dianna Johnson ("Johnson"), who are all probation officers.[2] Thornton raises the following restated issue for our review: whether the trial court erred when it granted summary judgment in favor of Appellees because they are entitled to quasi-judicial immunity.

We affirm.

## Facts and Procedural History

In August 2006, Thornton pleaded guilty to Class C felony possession of cocaine in Cause No. 49G20-0605-FC-81612 ("Cause 81612"). He was sentenced by the Marion Superior Court Criminal Division ("the sentencing court") to six years with two years executed and four years suspended. *Appellant's App. Vol. 2* at 25, 65. The sentencing order ordered Thornton to serve two of those suspended years on probation following the executed portion of his sentence. *Id.* On August 6, 2007, the sentencing court issued an order requiring Thornton to begin his two-year probation period for the Class C Felony. *Id.* at 27, 66.

---

[2] Thornton concedes that summary judgment was properly granted in favor of Lee and Johnson because they were entitled to quasi-judicial immunity for their actions regarding a memorandum filed on April 15, 2008. Therefore, only Pietrzak and Butts are Appellees in this case.

[4] On February 7, 2008, Thornton was sentenced to three years executed in an unrelated case, Cause No. 49G06-0702-FA-28198 ("Cause 28198"). *Id.* at 76-77. On April 15, 2008, Lee, who was a probation officer in the Marion County Probation Department ("the probation department"), wrote a memo to the sentencing court from Cause No. 81612 that stated, in its entirety: "On 2-7-08, Mr. Thornton was given an executed sentence under Cause [28198] of 3 years. His Probation will resume under Cause [81612] when his executed portion is completed." *Id.* at 65-66, 81. This memo was approved and signed by Lee's supervisor, Johnson. *Id.* The sentencing court did not take any action regarding this memo. *Id.* at 86.

[5] On August 20, 2010, Pietrzak, another probation officer, filed a notice of probation violation, which was reviewed by Buttz, another probation officer, and informed the sentencing court that Thornton had been arrested and charged with a new offense earlier that month. *Id.* at 27-28, 65-66, 91. Pietrzak noted, as Lee and Johnson had noted in their April 2008 memo, that Thornton's probation in Cause 81612 had been paused while he served time for his conviction in Cause 28198 and then resumed on April 5, 2010 upon completion of his sentence for that conviction. *Id.* at 91. Pietrzak's notice of probation violation stated in pertinent part, "Mr. Thornton was continued on Probation on 4/5/10 after serving an executed sentence on another case." *Id.*

[6] An evidentiary hearing was held on the probation violation on February 10, 2011. At the hearing, Thornton argued that his August 2010 arrest did not violate the terms of his probation because his probation had ended in August

2009. *Id*. at 67. The sentencing court rejected that argument, found that Thornton had violated his probation, and ordered his previously-suspended four-year sentence executed in the Indiana Department of Correction. *Id*. at 28, 67.

[7] While incarcerated, Thornton filed a motion to correct the erroneous probation revocation and sentence. On May 10, 2012, a hearing was held on Thornton's motion, and the sentencing court vacated the February 10, 2011 revocation of probation, stating in pertinent part:

> The court being duly advised in the premises, the court sets aside the revocation of defendant's probation due to the fact that it's unclear whether the defendant's probation was tolled during the serving of an unrelated executed sentence. The court finding no case law on this issue, the court construes the law against the state and in favor of the defendant. Wherefore, the revocation is vacated, and the defendant is ordered released.

*Id*. at 30.

[8] On January 30, 2014, Thornton filed a complaint, alleging state tort claims and claims under 42 U.S.C. section 1983 against several parties, including the Appellees. On July 7, 2014, the Appellees and the other remaining defendants filed a motion to dismiss, alleging the complaint was filed past the statute of limitations, that Thornton had failed to timely submit a tort claim notice, and that the defendants were immune. On August 21, 2014, the trial court granted the motion to dismiss the action.

[9] Thornton appealed, and a panel of this court affirmed, finding:

> Thornton alleges no tortious conduct, malicious motive, or illegal acts by these defendants, who each acted within the scope of their employment as probation officers. The complaint alleges only that Lee presented the court with a mundane memorandum related to Thornton's probation, Johnson signed this memorandum in her supervisory capacity, Pietrzak filed a notice of probation violation, and Buttz reviewed and signed the notice. Following a probation hearing, at which Thornton presented his argument that he was no longer on probation, the court revoked Thornton's probation and sent him to prison.

> The fact that Thornton's probation revocation was later vacated does not lead to the conclusion that the named probation officers committed a tort or intentionally or recklessly deprived him of his constitutional rights. As a matter of law, the complaint does not allege any facts with respect to the named probation officers upon which the trial court could have granted relief.

*Thornton v. State*, No. 49A02-1409-PL-662, (Ind. Ct. App. Aug. 14, 2015). Thornton sought transfer with the Indiana Supreme Court, contending only that his claims against Pietrzak, Buttz, Lee, and Johnson under 42 U.S.C. section 1983 were improperly dismissed. *Thornton v. State*, 43 N.E.3d 585 (Ind. 2015). Our Supreme Court reversed the dismissal of Thornton's claims, finding that his complaint had stated a claim for relief under section 1983 because the complaint alleged that Pietrzak, Buttz, Lee, and Johnson had taken actions "which constituted 'unconstitutional deprivations of liberty and violations of due process.'" *Id*. at 587. The Supreme Court remanded the case to the trial court for further proceedings. *Id*. at 588.

[10] On remand, the Appellees filed a motion for summary judgment, contending that they did not deprive Thornton of his constitutional rights and that they are immune from liability under section 1983 as quasi-judicial officers of the criminal court. *Appellant's App. Vol. 2* at 33-49. A hearing on the Appellees' motion for summary judgment was held on May 17, 2018, and the trial court took the matter under advisement. On May 18, 2018, the trial court issued its order granting summary judgment in favor of the Appellees. Thornton now appeals.

## Discussion and Decision

[11] When reviewing the grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.*, 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied*. We stand in the shoes of the trial court and apply a de novo standard of review. *Id.* (citing *Cox v. N. Ind. Pub. Serv. Co.*, 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.*, 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied*. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM*, 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-

moving party. *Id*. Additionally, all facts and reasonable inferences from those facts are construed in favor of the non-moving party. *Id*. (citing *Troxel Equip. Co. v. Limberlost Bancshares*, 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*). The initial burden is on the moving party to demonstrate the absence of any genuine issue of fact as to a determinative issue, at which point the burden shifts to the non-movant to come forward with contrary evidence showing an issue for the trier of fact. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[12] A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Henderson v. Reid Hosp. and Healthcare Servs.*, 17 N.E.3d 311, 315 (Ind. Ct. App. 2014), *trans. denied*. We will affirm upon any theory or basis supported by the designated materials. *Id*. When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id*.

[13] Thornton argues that the trial court erred when it granted summary judgment in favor of Appellees. He contends that there were genuine issues of material fact precluding Appellees' entitlement to quasi-judicial immunity from his claims. Specifically, Thornton asserts that Appellees are not entitled to quasi-judicial immunity because they exceeded the scope of their authority as probation officers by failing to maintain accurate records and providing the sentencing court in Cause 81612 with knowingly false information.

[14] It is well-settled that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless those actions are taken in the complete absence of any jurisdiction. *D.L. v. Huck*, 978 N.E.2d 429, 433 (Ind. Ct. App. 2012) (citing *H.B. v. State of Ind.-Elkhart Div. of Family & Children,* 713 N.E.2d 300, 302 (Ind. Ct. App. 1999), *trans. denied*). The underlying purpose of the immunity is to preserve judicial independence in the decision-making process. *Id.*

[15] The same policy justifies granting immunity to non-judicial officers who perform quasi-judicial functions. *Id.* "This quasi-judicial immunity is given to people 'performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Id.* (quoting *H.B.*, 713 N.E. 2d at 302). Courts, however, are reluctant to apply quasi-judicial immunity too broadly. "[I]f the 'acts do not involve the judicial process so that a fear exists that freedom of judicial decision-making may be stifled,' then the person or act in question should not be shielded by immunity." *Id*. (quoting *Lake Cty. Juvenile Court v. Swanson,* 671 N.E.2d 429, 435 (Ind. Ct. App. 1996), *trans. denied*).

[16] In determining whether a person is entitled to the benefit of judicial immunity, we use the functional approach established by the United States Supreme Court and look to the nature of the function performed, not the identity of the person who performed it. *Id*. (citing *Forrester v. White,* 484 U.S. 219, 224 (1988)). The act of executing or enforcing a court order is a function integral to judicial proceedings. *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1226 (Ind. Ct.

App. 1999) (citing *Newman v. Deiter,* 702 N.E.2d 1093, 1100 (Ind. Ct. App. 1998), *trans. denied*, *cert. denied*, 528 U.S. 931 (1999)), *trans. denied*. Thus, a non-judicial officer who acts in furtherance of a valid court order is entitled to judicial immunity. *Id.* at 1226-27.

[17] The question here is whether Appellees' actions were so integral to or intertwined with the judicial process that, in performing them, Appellees would be considered an arm of the court and, therefore, immune. Appellees are probation officers who "serve at the pleasure of the appointing court and are directly responsible to and subject to the orders of the court." Ind. Code § 11-13-1-1(c). Pursuant to statute, probation officers have mandatory duties, including, to "notify the court when a violation of a condition of probation occurs" and to "keep accurate records of cases investigated by [them] and of all cases assigned to [them] by the court and make these records available to the court upon request." Ind. Code § 11-13-1-3(7), (9).

[18] Thornton contends that Appellees' actions of keeping inaccurate records regarding the status of his probation in Cause 81612 and filing of a false notice of probation violation exceeded the scope of Appellees' authority as probation officers and resulted in his wrongful incarceration for the violation of his probation.

[19] In Cause 81612, Thornton's two-year probation period began on August 6, 2007, when the sentencing court issued an order for probation to start. *Appellant's App. Vol. 2* at 27, 66. Under this original order, Thornton's probation

period would have expired on August 6, 2009. However, on February 7, 2008, Thornton was sentenced to three years executed in an unrelated case, Cause 28198, and on April 15, 2008, Lee wrote a memo to inform the sentencing court from Cause No. 81612 about this new sentence, stating, in part, "[Thornton's] Probation will resume under Cause [81612] when his executed portion is completed." *Id*. at 65-66, 76-77, 81.[3] The sentencing court took no action on this memo. *Id*. at 86.

[20] On August 20, 2010, Appellees filed a notice of probation violation, which informed the sentencing court that Thornton had been arrested and charged with a new offense earlier that month. *Id*. at 27-28, 65-66, 91. Appellees noted the same thing Lee and Johnson had noted in their April 2008 memo: that Thornton's probation in Cause 81612 had been paused while he served time for his conviction in Cause 28198 and then resumed on April 5, 2010 upon completion of his sentence. *Id*. at 91. Thornton's probation was revoked, he was ordered to serve his previously-suspended sentence, and after he filed a motion to correct the erroneous probation revocation and sentence, the sentencing court vacated the revocation of probation. In doing so, the sentencing court stated that, "it's unclear whether the defendant's probation was tolled during the serving of an unrelated executed sentence[, and] finding

---

[3] Thornton concedes that Lee and Johnson, who reviewed and signed the April 15, 2008 memo, are entitled to quasi-judicial immunity against his claims for their actions concerning the memo because they were acting under the authority of the original sentencing order in Cause 81612.

no case law on this issue, the court construes the law against the state and in favor of the defendant." *Id*. at 30.

[21] Thornton asserts that, because the sentencing court vacated his probation violation, Appellees were not acting in furtherance of a valid court order when they filed the probation violation in August 2010. However, the sentencing court, in vacating the probation violation, did not find that Appellees acted in violation of the original sentencing order or that they exceeded their statutory authority in filing the notice of probation violation. The sentencing court, instead, found that it was unclear whether Thornton's probation was tolled when he served his sentence in Cause 28198 and that there was no caselaw on the issue. Because of this ambiguity, Appellees did not knowingly file a false probation violation and keep inaccurate records regarding the status of Thornton's probation. To the contrary, they followed their statutory duty to notify the court when a violation of a condition of probation occurred pursuant to the original sentencing order in Cause 81612 and their belief that Thornton was still on probation at the time he committed new offenses because his probation had been tolled when he served an executed sentence in an unrelated case. After Appellees filed the notice of probation violation, an evidentiary hearing was held, at which, Thornton argued that his August 2010 arrest did not violate the terms of his probation because his probation had ended in August 2009. *Id*. at 67. The sentencing court rejected that argument and found that Thornton had violated his probation. *Id*. at 28, 67. Based on this, we conclude that, in filing the notice of probation violation, Appellees were

"performing [a task] so integral or intertwined with the judicial process" that they should be "considered an arm of the judicial officer who is immune." *See D.L.*, 978 N.E.2d at 433. Appellees are entitled to quasi-judicial immunity, and the trial court did not err when it granted summary judgment in their favor.

[22] Affirmed.

Riley, J., and Robb, J., concur.