

**FILED**

May 06 2019, 8:35 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| Kirk S. Freeman | Curtis T. Hill, Jr. |
| Law Office of Kirk Freeman | Attorney General of Indiana |
| Lafayette, Indiana | |
| | Natalie F. Weiss |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

I N  T H E

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kirk S. Freeman, | May 6, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-SC-2718 |
| v. | Appeal from the Tippecanoe Superior Court |
| Tricia L. Thompson, | The Honorable Robert B. Mrzlack, Special Judge |
| *Appellee-Defendant.* | Trial Court Cause No. 79D04-1806-SC-2140 |

**Najam, Judge.**

## Statement of the Case

[1]     Kirk S. Freeman, a Lafayette-based attorney, appeals the trial court's dismissal of his defamation complaint against Tippecanoe Superior Court Magistrate Tricia L. Thompson for failure to state a claim upon which relief can be

granted. Freeman raises a single issue for our review, which we restate as whether Magistrate Thompson has immunity from Freeman's allegation that she defamed him when she reported to courthouse law enforcement officers that Freeman was in possession of a firearm inside the Tippecanoe County Courthouse in violation of state law and local ordinance. We hold that Magistrate Thompson is immune from Freeman's allegation, and, as such, we affirm the trial court's dismissal of Freeman's complaint.

## Facts and Procedural History

On June 28, 2018, Freeman filed his complaint against Magistrate Thompson, which Freeman later amended. According to his amended complaint, on May 17, 2017, Magistrate Thompson informed law enforcement officers inside the Tippecanoe County Courthouse that Freeman was carrying a firearm inside the courthouse in violation of Indiana Code Section 35-47-2-1 (2018)[1] and Tippecanoe County Code § 130.01(C).[2] Freeman alleged that Magistrate Thompson's report "was a false accusation of a crime" and, as such, "was defamatory *per se*." Appellant's App. Vol. 2 at 28-29. Freeman sought "[p]unitive damages" from Magistrate Thompson for her allegedly "extreme and outrageous" report, which he claimed was "done in retaliation for a lawful inquiry into a matter of public record in his government," namely, a prior

---

[1] This statute generally prohibits the unlicensed carrying of a handgun.

[2] This provision states that "[n]o person shall possess a deadly weapon in the County Courthouse . . . ." Appellant's App. Vol. 2 at 11.

Access to Public Records Act ("APRA") request Freeman had made "concerning the establishment/creation of the courtroom in the County office annex building . . . ." *Id.* at 7-10, 30. Freeman also alleged that Magistrate Thompson's report was in retaliation for Freeman having "openly discussed" the Indiana Supreme Court's recent opinion in *Pinner v. State*, 74 N.E.3d 226 (Ind. 2017).

[3] Thereafter, the State, on behalf of Magistrate Thompson, moved to dismiss Freeman's complaint under Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. In particular, the State asserted that Magistrate Thompson's report to law enforcement, as alleged in Freeman's complaint, was a judicial act that entitled her to immunity from Freeman's claim. After a hearing, the trial court agreed with the State and dismissed Freeman's complaint. This appeal ensued.

## Discussion and Decision

[4] Freeman appeals the trial court's dismissal of his complaint pursuant to Trial Rule 12(B)(6). As the Indiana Supreme Court has stated:

> A 12(B)(6) motion tests the legal sufficiency of the complaint, requiring that we accept as true all facts alleged in the complaint. We review 12(B)(6) motions *de novo* and will affirm a dismissal if the allegations are incapable of supporting relief under any set of circumstances. We will also affirm the dismissal if the decision is sustainable on any basis in the record.

*Esserman v. Ind Dep't of Envtl. Mgmt.*, 84 N.E.3d 1185, 1188 (Ind. 2017) (citations and quotation marks omitted).

[5]     And as we have explained:

> It is well-settled that judges are entitled to absolute judicial immunity for all actions taken in the judge's judicial capacity, unless those actions are undertaken in the complete absence of jurisdiction. *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1226 (Ind. Ct. App. 1999), *trans. denied* 735 N.E.2d 225 (Ind. 2000). The policy underlying this grant of immunity is the preservation of judicial independence in the decision-making process. *Id.* In determining whether a person is entitled to the benefit of judicial immunity, we employ the functional approach established by the United States Supreme Court. *Id.*
>
> > [T]he factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.
>
> *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978), *reh'g denied*. A third related factor considered by courts is "whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge." *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985) (citing *Ex Parte Virginia*, 100 U.S. 339, 348, 25 L. Ed. 676 (1879)).

*Dawson v. Newman*, 845 N.E.2d 1076, 1080-81 (Ind. Ct. App. 2006) (alteration original to *Dawson*), *trans. denied*.

[6] We have no hesitation concluding that Magistrate Thompson's report to law enforcement within the Tippecanoe County Courthouse that a person inside the courthouse was in possession of a firearm, in violation of state law and local ordinance, was an act taken in her judicial capacity. As to the first *Stump* factor, it is beyond dispute that our trial judges have "considerable discretion in matters of maintaining order and security for the courtroom . . . ." *Williams v. State*, 690 N.E.2d 162, 169 n.11 (Ind. 1997); *see also In re Courthouse Security in Tippecanoe Cnty.*, 765 N.E.2d 1254, 1256 (Ind. 2002) ("We would expect that the Sheriff would continue to work, as always, with the local judiciary to understand and address their particularized security concerns.").

[7] As to the second factor, a magistrate or other member of the judiciary who makes an in-courthouse report of a security concern is dealing with others from her position as a member of the judiciary. And, as to the third factor, Magistrate Thompson's report plainly involved the exercise of her discretion in maintaining security and was not a mere ministerial act. Accordingly, as a matter of law, Magistrate Thompson is entitled to absolute judicial immunity for her report—even if erroneously made—of Freeman's alleged possession of a firearm inside the Tippecanoe County Courthouse.

[8] Nonetheless, Freeman asserts on appeal that Magistrate Thompson did not act in her judicial capacity but rather out of retaliation for his APRA request and his open discussion of *Pinner*. We cannot agree. Freeman's assertions go to Magistrate Thompson's intent, not to whether she was acting in her judicial capacity. Because we have determined that Magistrate Thompson's report to

law enforcement was a judicial act, her intent is immaterial. We have long recognized that "judicial immunity is granted even when judges act maliciously or corruptly." *Martin v. Heffelfinger*, 744 N.E.2d 555, 558 (Ind. Ct. App. 2001) (citing *Lake Cnty. Juvenile Court v. Swanson*, 671 N.E.2d 429, 435 (Ind. Ct. App. 1996), *trans. denied*). Accordingly, Freeman cannot show that the trial court erred when it dismissed his complaint, and we affirm the trial court's judgment.

[9] Affirmed.

Baker, J., and Robb, J., concur.