# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2019, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES: |
| Kevin Martin<br>Carlisle, Indiana | LAUREN A. KAWECKI AND JEFFERY L. SANFORD<br><br>Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Katherine A. Cornelius<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Martin,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Lauren A. Kawecki, Jeffrey L. Sanford, and Terri J. Rethlake,<br>*Appellee-Defendants.* | August 14, 2019<br><br>Court of Appeals Case No. 18A-CT-1454<br><br>Appeal from the St. Joseph Circuit Court<br><br>The Honorable John Broden, Judge<br><br>Trial Court Cause No. 71C01-1711-CT-508 |

**Tavitas, Judge.**

## Case Summary

Kevin Martin appeals from the trial court's order dismissing Martin's complaint against deputy prosecutor Lauren Kawecki and Judge Jeffery Sanford ("Judge Sanford") (collectively, "Defendants").[1] We affirm.

## Issue

Martin raises one issue, which we restate as whether the trial court erred in dismissing Martin's complaint.

## Facts

On February 16, 2007, a jury convicted Martin of murder, and Martin was sentenced to sixty-five years executed. After Martin's trial, he initiated several filings, including a petition for post-conviction relief ("PCR"). Kawecki represented the State at the PCR proceedings, and Judge Sanford presided over the PCR proceedings.

On October 16, 2017, Martin, pro se, filed a complaint alleging that Defendants violated Martin's Sixth Amendment rights for "negligence" in failing to allow Martin to present a defense and call witnesses on his own behalf. Appellee's App. Vol. II p. 4. Martin initially filed his complaint in the Sullivan Circuit Court; however, the case was later venued in St. Joseph County.

---

[1] Martin's complaint also appears to include Terri J. Rethlake as a defendant. Martin's brief does not appear to appeal the claims as to Rethlake specifically, and the notice of appeal does not include Rethlake's name. Accordingly, we focus only on Kawecki and Judge Sanford in this appeal.

[5] On December 20, 2017, Defendants filed a motion to dismiss under Indiana Trial Rule 12(B)(6) arguing that Martin's suit fails for three reasons: (1) Kawecki is shielded by prosecutorial immunity; (2) Judge Sanford is shielded by judicial immunity; and (3) Martin is not entitled to relief because his conviction for murder still stands. The trial court granted Defendants' motion to dismiss. Martin now appeals.

## Analysis

[6] Martin argues that it was error for the trial court to dismiss his complaint against Defendants under Indiana Trial Rule 12(B)(6). Martin's arguments in his brief are difficult to understand or ascertain. Martin made several arguments in his initial complaint; however, he does not appear to assert all the same arguments on appeal. Finally, Martin's request for relief includes a request that he receive a new post-conviction relief hearing and that we order the trial court to allow him to introduce the evidence he sought to initially admit at his murder trial. We address only the arguments that we can readily ascertain from Martin's brief. To the extent that Martin has argued more issues than we address in our opinion, those arguments are waived for failure to make a cogent argument. *See* Ind. Appellate Rule 46 ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").

[7] "Since a 12(B)(6) motion to dismiss for failure to state a claim challenges only the legal sufficiency of the complaint, it presents a legal question that we review de novo." *Ward v. Carter,* 90 N.E.3d 660, 662 (Ind. 2018) (citing *Thornton v.*

*State,* 43 N.E.3d 585, 587 (Ind. 2015)). "We may affirm a dismissal under 12(B)(6) 'if it is sustainable on any basis in the record.'" *Ward,* 90 N.E.3d at 662 (quoting *Thornton,* 43 N.E.3d at 587).

[8] Here, the trial court properly dismissed Martin's complaint. All the claims Martin alleges against Defendants stem from conduct that Defendants completed in the course of their roles as deputy prosecutor and judge. Accordingly, both Defendants are immune from civil suits based on these actions. *See Freeman v. Thompson,* 124 N.E.3d 74, 76 (Ind. Ct. App. 2019) ("We have long recognized that judicial immunity is granted even when judges act maliciously or corruptly.") (quotations omitted); s*ee also Sims v. Beamer,* 757 N.E.2d 1021, 1024 (Ind. Ct. App. 2001) ("Generally, judges are entitled to absolute immunity from suits or money damages for all actions taken in the judge's judicial capacity; only where a judge's actions are taken in the complete absence of any jurisdiction will judicial immunity not apply."); *see also Foster v. Pearcy,* 387 N.E.2d 446, 538 (Ind. 1979) ("[W]here, as here, the acts are reasonably within the general scope of authority granted to prosecuting attorneys, no liability will attach."). Accordingly, the trial court did not err in dismissing Martin's complaint against Defendants.

## Conclusion

[9] The trial court did not err in dismissing Martin's complaint. We affirm.

[10] Affirmed.

Crone, J., and Bradford, J., concur.